Chief Justice CASTILLE, Justices SAYLOR, EAKIN, BAER and TODD join the opinion.

**Yvonne CATROPPA, Appellee**

v.

**Amanda CARLTON, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 26, 2010.
Filed May 14, 2010.
Reargument Denied July 14, 2010.

Kathleen A. Segmiller, Pittsburgh, for appellant.

Kenneth G. Fawcett, Ambridge, for appellee.

BEFORE: BENDER, PANELLA and OTT, JJ.

OPINION BY BENDER, J.:

¶ 1 Amanda Carlton (Appellant) appeals from judgment entered in favor of Yvonne Catroppa (Appellee) following the trial court's grant of Appellee's motion for summary judgment in her personal injury action against Appellant arising from a car accident involving the parties. Appellant claims that the trial court erred in determining that Appellee was entitled to summary judgment on the basis that Appellant was collaterally estopped from disputing the amount of Appellee's damages, which had been established at a prior arbitration proceeding. For the reasons that follow, we reverse and remand.

¶ 2 The trial court summarized the factual and procedural history of this case as follows:

This case arises out of an automobile accident that occurred on September 10, 2004, when the vehicle operated by the Defendant, Amanda Carlton[,] struck the rear of the Plaintiff's vehicle causing personal injuries enumerated in Paragraph No. 9 of the Complaint filed on July 20, 2006.

The common denominator in this case is that State Farm Insurance Company insured the Defendant ... for liability coverage with a $50,000 third party policy limit and also the Plaintiff, Yvonne Catroppa, for underinsure[ed] motorist coverage with a $50,000 policy limit.

On September 26, 2007, Robert E. Kunselman, President Judge, granted the Plaintiff's Motion for Stay of this case at No. 11380 of 2006, pending the Arbitration of the [UIM] claim.

On June 16, 2008, a [UIM] arbitration hearing was conducted before Plaintiff's arbitrator Keith McMillen, Esq.; State Farm's arbitrator Robert E. Dapper, Jr., Esq.; and the neutral arbitrator Nick Francalancia, Esq.

On July 31, 2008, a unanimous award was entered for a total damage amount of $100,000 to the Plaintiff ... with a deduction for the third party policy limit of the Defendant ... of $50,000. The award for the Plaintiff was therefore a net of $50,000.

On September 22, 2008, Plaintiff filed a Motion for Summary Judgment on the issue of damages on the basis of the doctrine of collateral estoppel since State Farm Mutual Insurance was not only involved in the third party action but also provided [UIM] coverage to the Plaintiff.... The response filed by State Farm admits that it provides both of these coverages but denies that the Defendant ... had any contractual relationship with the Plaintiff in the [UIM] arbitration; that the Defendant was not in privity and the Defendant did not have a fair and full opportunity to litigate the issue of damages.

At the outset, it is important to note that the only issue decided by the [UIM] Board of Arbitration was the issue of damages. Liability for the rear-end collision was not an issue. In the third party case presently before the Court, the only issue would be the same, i.e. a question of damages.

Trial Court Opinion (T.C.O.), 11/20/08, at 1–2 (citation omitted).

¶ 3 The trial court concluded that the elements of collateral estoppel were present, and therefore, as a matter of law, Appellant was barred from disputing that Appellee's damages were less than $100,000, the amount determined by the arbitrators. The court certified this order as appealable pursuant to 42 Pa.C.S. § 702(b), however, we denied Appellant's petition for permission to appeal. The case was remanded, and judgment was entered against Appellant. Appellant then filed this appeal presenting two questions for our review:

> [1.] Whether the lower court erred in granting Plaintiff's Motion for Summary Judgment thereby denying Defendant her constitutional right to a trial by jury on the issue of damages.
>
> [2.] Whether the lower court erred in entering judgment against the Defendant based on Plaintiff's underinsurance arbitration award through the use of "offensive" collateral estoppel.

Brief for Appellant at 4. As our determination of the second question is dispositive of this matter, we shall not address the merits of Appellant's first question.

¶ 4 In Appellant's second question, she challenges the trial court's ruling on Appellee's motion for summary judgment. This issue presents a question of law, and

therefore, our standard of review is plenary. *See Phillips v. A–Best Products Co.,* 542 Pa. 124, 665 A.2d 1167, 1170 (1995).

¶ 5 In the instant case, Appellee relied on the prior decision of the arbitrators where they determined that her damages were $100,000. As stated above, the proceeding before the arbitrators was for Appellee's UIM claim against State Farm. Appellant was not a party to that proceeding, nor could she have been, as she had no interest in the matter. This is so because she was not a party to the insurance contract at issue, and the purpose of the proceeding was to determine the amount that State Farm was to pay Appellee on her UIM claim, which had no pecuniary ramifications for Appellant. Nonetheless, Appellee claimed that since the arbitrators decided Appellee's damages in this proceeding, and since State Farm insured Appellant in a liability policy (which was not at issue in the UIM proceeding), Appellant was estopped from disputing the amount of damages determined by the arbitrators. The trial court agreed, and since the parties stipulated to liability, it granted Appellee's motion for summary judgment.

¶ 6 The court's ruling on the motion for summary judgment was based on the doctrine of the collateral estoppel.

Collateral estoppel applies if (1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and (5) the determination in the prior proceeding was essential to the judgment.

Collateral estoppel is also referred to as issue preclusion. It is a broader concept than *res judicata* and operates to prevent a question of law or issue of fact which has once been litigated and fully determined in a court of competent jurisdiction from being relitigated in a subsequent suit.

*Incollingo v. Maurer,* 394 Pa.Super. 352, 575 A.2d 939, 940 (1990) (citations and quotation marks omitted).

¶ 7 Assuming arguendo that four of the five prongs are met, we conclude that as a matter of law, the third prong was unsatisfied, as there was no privity between Appellant and State Farm in the UIM proceeding. The third prong requires that the party against whom the plea is asserted, which in this case is Appellant, was a party in the prior case or was in privity with a party in the prior case. Clearly, Appellant was not a party to the proceeding in which the arbitrators determined whether Appellee was entitled to UIM coverage under the UIM portion of Appellee's insurance policy with State Farm. Thus, the only way that collateral estoppel could apply would be if Appellant was in privity with State Farm.

¶ 8 On this issue, Appellee cites *Dally v. Pennsylvania Threshermen & Farmers' Mut. Cas. Ins. Co.,* 374 Pa. 476, 97 A.2d 795, 796 (1953), for the proposition that "[a]n insurance company is in privity with its insured." In general, there is no doubting this legal principle. Nevertheless, the principle has limits. While an insurer is in privity with its insured regarding matters implicating the insurance policy that establishes this relationship, this privity does not extend to matters arising from other insurance contracts between the insurer and third parties. That is the case we have here. Appellant had no interest whatsoever in the arbitration proceeding for Appellee's UIM claim against State Farm. Indeed, even had Appellant desired to intervene in this pro-

ceeding, this Court is unaware of any precedent that would grant her such a right.

¶ 9 This point becomes clear when one considers that privity requires "such an identification of interest of one person with another as to represent the same legal right." *Ammon v. McCloskey*, 440 Pa.Super. 251, 655 A.2d 549, 554 (1995). Ostensibly, the matter proceeded to arbitration on Appellee's UIM claim because she and State Farm disagreed as to the amount of damages recoverable under her UIM coverage. In this proceeding, State Farm had a contractual duty to Appellee to determine the *actual* amount of her damages as she was its insured. Yet as a practical business matter, State Farm's interest at the UIM proceeding was to pay as small an amount as possible on Appellee's UIM claim. Thus, since Appellant's liability coverage was for $50,000, State Farm would have sought to minimize any award of damages beyond this amount. While this interest coincided with Appellant's subsequent interest in the underlying litigation to minimize Appellee's damages, this coincidence of interest between State Farm and Appellant at the arbitration proceeding only extended to the limit of coverage under State Farm's policies, $100,000 ($50,000 on Appellee's UIM claim and $50,000 on Appellant's liability claim). To demonstrate that there was not a substantial identification of interests between State Farm and Appellant at the arbitration proceeding, one need only consider whose interests would have been harmed had the arbitrators determined that Appellee's damages were in excess of the limits of both State Farm policies. As the Amicus Brief of the Pennsylvania Defense Institute argues, if the damages had exceeded $100,000, it would have been Appellant that suffered, not State Farm.

¶ 10 Thus, had there been a determination of damages of $120,000, under the theory of collateral estoppel espoused by Appellee here, Appellee could have precluded Appellant from disputing that her damages were less than $120,000 in the instant action. After receiving the limits of the State Farm policies, Appellee could have sought payment of the additional $20,000 of damages from Appellant personally. This demonstrates that there was a divergence of interests for State Farm and Appellant at the UIM proceeding because State Farm had no interest if the damages exceeded $100,000, while Appellant had an interest in ensuring that the damages did not exceed this amount.[1]

¶ 11 It is for this reason that we decline to hold that Appellant and State Farm were in privity at the arbitration proceeding. Accordingly, we conclude that the trial court erred in determining that Appellant was collaterally estopped from claiming that the amount of damages was less than the amount established at the arbitration proceeding. Appellant was not a party to the UIM claim, or the policy from which it arose, and she had no other legal interest that would have permitted her to intervene in the matter. Accordingly, she cannot be bound by a determination from a proceeding to which she was not a party.

¶ 12 Judgment reversed. Case remanded for further proceedings consistent with this Opinion. Jurisdiction relinquished.

---

1. We note as well that the position here espoused by Appellee would disadvantage defendants' ability to defend themselves against personal injury suits arising from auto accidents on the sole basis that the plaintiff's insurer was the same as the defendant's insurer. Such a holding would create a system where defendants are arbitrarily prejudiced due to circumstances beyond their control.