J-S38033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RONALD G. McCLURE, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| GERALD BRANN, d/b/a BRANN, | : | |
| WILLIAMS, CALDWELL & SHEETZ, | : | |
| | : | |
| Appellee | : | No. 2104 MDA 2014 |

Appeal from the Order entered on October 29, 2014
in the Court of Common Pleas of Bradford County,
Civil Division, No. 11 CV 000243

BEFORE:  WECHT, STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:　　　　　　　　　　**FILED JUNE 30, 2015**

Ronald G. McClure ("McClure") appeals from the Order entering summary judgment against him and in favor of Gerald Brann, d/b/a Brann, Williams, Caldwell & Sheetz ("Attorney Brann"), in this legal malpractice action.  We affirm.

In its Opinion, the trial court provided the following concise summary of the facts underlying the instant appeal:

> [McClure] entered into a gas lease with Fortuna Energy in 2005; the lease involved an 80[-]acre parcel of land owned by [McClure], himself.  At the time of the inception of the lease[, McClure] was married to Janet McClure [("Janet") (McClure and Janet collectively referred to as "the McClures").  McClure] later sold the leased parcel to John and Denise Feusner [collectively, "the Feusners"].  [Attorney Brann] represented both the Feusners and [McClure] in the matter of the sale of the property. The original agreement of sale[,] drawn up by [Attorney Brann,] indicated that [the McClures] reserved for themselves one-half of the oil, gas and mineral rights in the property and that, upon the

death of the survivor of the [McClures], the oil, gas and mineral rights would pass to [the Feusners] or whoever owned the property at that time. As it turned out, the Feusners were unable to secure a loan for the purchase of the property and Robert and Ruth Garrison [collectively, "the Garrisons"] joined them in the purchase. The second agreement of sale reflected the addition of the Garrisons as Buyers and provided that, upon the death of the survivor of the Grantors (McClures), the one-half interest in the gas, oil, and mineral rights in the property would pass to Grantees (Feusners and Garrisons) or whoever owned the property at the time. [The McClures] were divorced in 2011. On 15 June 2011, a divorce hearing was conducted before a Bradford County, Pennsylvania, Hearing Master[,] … at which [McClure] asserted that he never intended that Janet [] share in the retention of the gas, oil, and mineral rights, that the gas lease was his alone, and that he [had] signed documents to the contrary only because [Attorney Brann] told him that Pennsylvania law required him to do so. However, the hearing Master found the conveyance and grant of gas, oil[,] and mineral rights to Janet [] to have been intentional and knowing….

Trial Court Opinion, 10/20/14, at 2 (unnumbered).

In July 2011, McClure filed the within legal malpractice action against Attorney Brann. McClure alleged that Attorney Brann incorrectly advised him regarding a transfer of oil, gas and mineral rights to Janet. Ultimately, Attorney Brann filed an Amended Answer and New Matter, asserting the affirmative defense of collateral estoppel. Attorney Brann filed a Motion for Summary Judgment on June 16, 2014, which the trial court denied. Attorney Brann filed a Motion for reconsideration of the trial court's Order, or for certification of the issue for immediate appeal. *See* 42 Pa.C.S.A. § 702 (pertaining to interlocutory appeals by permission); Pa.R.A.P. 1311 (requiring an application for an amendment of an interlocutory order to be filed within 30 days). After a hearing on Attorney Brann's Motion, the trial

court entered an Order on October 29, 2014, which vacated its prior Order and granted Attorney Brann's Motion for Summary Judgment. McClure timely filed a Notice of Appeal, and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of Matters Complained of on Appeal.

McClure now raises the following issue for our review:

> DID THE TRIAL COURT ERR IN GRANTING [ATTORNEY BRANN'S] MOTION FOR SUMMARY JUDGMENT BASED ON COLLATERAL ESTOPPEL?

Brief for Appellant at 1.

McClure claims that the trial court erred as a matter of law in concluding that his cause of action is barred by the doctrine of collateral estoppel. *Id.* at 3. McClure argues that in his prior divorce proceeding, the hearing master addressed whether Janet had a marital interest in the oil, gas and mineral rights underlying the property. *Id.* at 4. In that proceeding, the hearing master found that Janet did, in fact, have an interest in the oil, gas and mineral rights. *Id.* By contrast, McClure argues, the issue in the instant case "deals not with if [Janet,] in fact[,] has an interest[,] but instead with how and why that interest was created." *Id.* McClure contends that because the issues are not identical, collateral estoppel does not bar his current action. *Id.*

Pennsylvania law provides that

> summary judgment may be granted only in those cases in which the record clearly shows that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. The moving party has the burden of proving that

- 3 -

no genuine issues of material fact exist. In determining whether to grant summary judgment, the trial court must view the record in the light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Thus, summary judgment is proper only when the uncontroverted allegations in the pleadings, depositions, answers to interrogatories, admissions of record, and submitted affidavits demonstrate that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. In sum, only when the facts are so clear that reasonable minds cannot differ, may a trial court properly enter summary judgment. … With regard to questions of law, an appellate court's scope of review is plenary. The Superior Court will reverse a grant of summary judgment only if the trial court has committed an error of law or abused its discretion. Judicial discretion requires action in conformity with law based on facts and circumstances before the trial court after hearing and consideration.

*Cresswell v. Pennsylvania Nat'l Mut. Cas. Ins. Co.*, 820 A.2d 172, 177 (Pa. Super. 2003) (quotation and emphasis omitted).

Here, the trial court concluded as a matter of law that McClure's claim is barred by the doctrine of collateral estoppel. Collateral estoppel applies if four elements are present:

(1) An issue decided in a prior action is identical to the one presented in a later action; (2) The prior action resulted in a final judgment on the merits; (3) The party against whom collateral estoppel is asserted was a party to the prior action, or is in privity with a party to the prior action; and (4) The party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action.

*Columbia Med. Group, Inc. v. Herring & Roll, P.C.*, 829 A.2d 1184, 1190 (Pa. Super. 2003).

In its Opinion, the trial court addressed McClure's claim and concluded that it lacks merit. Trial Court Opinion, 10/20/14, at 4-6 (unnumbered).

- 4 -

The trial court's determination is supported by the record, and its legal conclusion is sound. Accordingly, we affirm on the basis of the trial court's reasoning, as stated in its Opinion, with regard to McClure's claim. ***See id.***

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/30/2015

RONALD G. MCCLURE,           : IN THE COURT OF COMMON PLEAS

        PLAINTIFF              :            OF

                           : BRADFORD COUNTY,

        VS.                      PENNSYLVANIA

                           :

GERALD BRANN, d/b/a BRANN,     :     No. 11 CV 000243
WILLIAMS, CALDWELL, AND SHEETZ,

        DEFENDANTS     :

## OPINION AND ORDER

### Procedural History

On 5 July 2011, Plaintiff filed a legal malpractice claim against Defendant alleging that Plaintiff was incorrectly advised by Defendant in the matter of the transfer of certain oil, gas, and mineral rights to Plaintiff's wife in an earlier sale of real property. Defendant, on 17 April 2014, filed an amended answer to Plaintiff's complaint in which he asserted the affirmative defense of collateral estoppel. A motion for summary judgment was filed by Defendant on, or about, 18 April 2014, which motion was denied by Order dated 16 June 2014. Defendant filed a motion for reconsideration of the Order of 16 June 2014 or appellate certification of the issue addressed in that motion, on, or about, 15 July 2014. Hearing upon the motion for reconsideration or appellate certification was held on 11 September 2014.

## Overview

Plaintiff entered into a gas lease with Fortuna Energy in 2005; the lease involved an 80 acre parcel of land owned by Plaintiff, himself. At the time of the inception of the lease Plaintiff was married to Janet McClure. Plaintiff later sold the leased parcel to John and Denise Feusner . Defendant represented both the Feusners and Plaintiff in the matter of the sale of the property. The original agreement of sale drawn up by Defendant indicated that Sellers reserved for themselves one-half of the oil, gas, and mineral rights in the property and that, upon the death of the survivor of the sellers, the oil, gas, and mineral rights would pass to Buyers or whoever owned the property at that time. As it turned out, the Feusners were unable to secure a loan for the purchase of the property and Robert and Ruth Garrison joined them in the purchase. The second agreement of sale reflected the addition of the Garrisons as Buyers and provided that, upon the death of the survivor of the Grantors (McClures), the one-half interest in the gas, oil, and mineral rights in the property would pass to Grantees (Feusners and Garrisons) or whoever owned the property at the time. Plaintiff and Janet McClure were divorced in 2011. On 15 June 2011, a divorce hearing was conducted before a Bradford County, Pennsylvania, Hearing Master (09FC000497) at which Plaintiff asserted that he never intended that Janet McClure share in the retention of the gas, oil, and mineral rights, that the gas lease was his alone, and that he signed documents to the contrary only because Defendant told him that Pennsylvania law required him to do so. However, the Hearing Master found the conveyance and grant of gas, oil and mineral rights to Janet McClure to have been intentional and knowing. In the instant matter, Plaintiff seeks remuneration for the oil, gas, and mineral rights transferred to Janet McClure and, in support of his claim, advances the same argument adduced at

the earlier divorce proceeding, viz., that he was improperly influenced by Defendant to convey the rights to Janet McClure.

## Discussion

DEFENDANT argues that summary judgment should be granted, or appellate certification should be ordered, in the instant case based upon the legal principle of collateral estoppel, Defendant's argument is founded upon his belief that the instant issue of whether the acts of Plaintiff in conveying certain gas, oil, and mineral rights to Janet McClure were intentional, knowing, and voluntary had been decided at Plaintiff''s divorce proceeding of 15 June 2011. Plaintiff, on the other hand, asserts that collateral estoppel does not apply because the instant matter does not involve the same parties as were involved in the divorce proceeding. Upon reconsideration of the record of the instant case, the transcript of the divorce proceeding, the findings and recommendations of the Hearing Master in the divorce proceeding, the ensuing court order granting the divorce, and the arguments advanced by the Parties involved in the instant matter, this Court agrees with Defendant that the principle of collateral estoppel is applicable to this case and that, therefore, Defendant's motion for summary judgment should be granted.

"Collateral estoppel, or issue preclusion, is a doctrine that prevents relitigation of an issue in a later action, despite the fact that it is based on a cause of action different from the one previously litigated." **Griffin v. Cent. Sprinkler Corp., 2003 PA Super 160, 823 A.2d 191(citing Balent v. City of Wilkes-Barre, 542 Pa. 555, 669 A.2d 309 (Pa. 1995).**

Under Pennsylvania law, in order to prevail upon a plea of collateral estoppel it must be shown that: (1) the issue presented to the court is identical to one presented in an earlier action; (2) the prior action resulted in a final judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party to the prior action, or in privity with a party to the prior action; and, (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action. **See Ewing v. Ewing, 2004 PA Super 46 (2004), 843 A.2d 1282 (Pa.Super. 2004)(citing Shaffer v. Smith, 543 Pa. 526, 673 A.2d 872 (1996)(Note:** Pennsylvania appellate courts in more recent cases have required an additional showing that the determination in the prior proceeding was essential to the judgment. **See, e.g., Caltroppa v. Carlton, 2010 PA Super 85, 998 A.2d 643, 646 (Pa.Super. 2010); Chada v. Chada, 2000 PA Super 186, 756 A.2d 39 (Pa.Super. 2000)).**

Here, the records of Plaintiff's divorce case and the instant case plainly show that the only issue litigated at the divorce proceeding and asserted in the instant case is whether Plaintiff knowingly and voluntarily conveyed certain gas, oil and mineral rights to Janet McClure. In fact, at the divorce hearing of 15 June 2011, Plaintiff sought to obtain equitable distribution credit in the amount of the value of certain gas, oil, and mineral rights which he had conveyed to his wife at the time of the sale of property addressed above. Plaintiff's argument for relief at the hearing was based upon his assertion that his attorney at the time of the sale, the instant Defendant, told him that he had to sign the documents that conveyed to Janet McClure, his spouse at the time of hearing, a share of the gas, oil, and mineral rights to the property being sold notwithstanding that he claimed to be sole owner of the property. **(N.T. at p.43, lines 11-13; p.49, lines 6-**

**10; p.51, lines 2-9).** Plaintiff in his instant malpractice suit, again seeks to recover the value of the same gas, oil, and mineral rights conveyed to Janet MCCLURE, and for exactly the same reason advanced at the earlier divorce hearing, viz., as the result of incorrect counsel provided by Defendant.

Adequate documentation exists to show that Plaintiff was a Party to the earlier divorce proceeding. **(See, e.g., case record of 09FC000497 including hearing transcript of 15 June 2011).** The record of the instant case establishes that Plaintiff is the object of the plea of collateral estoppel being asserted in the case.

It is clear from the transcript of the divorce proceeding of 15 June 2011 that the hearing was comprehensive in nature, that the Parties, including instant Plaintiff had a full and fair opportunity to present evidence, question witnesses, and present argument in support of their respective claims, and that the Hearing Master had the opportunity to determine the credibility of the testimony offered. Instant Plaintiff was represented by counsel at the hearing and Defendant in the instant case testified and was cross-examined by his attorney upon the issue of Defendant's role, if any, in influencing Plaintiff to sign the documents conveying gas, oil, and mineral rights to Janet MCCLURE. Plaintiff and Janet MCCLURE also testified and were cross-examined at the hearing upon the same issue. Additional evidence in the form of the sales agreement and deed relating to the sale of the property involving the gas, oil, and mineral rights alluded to above was adduced and considered by the Hearing Master. Upon considering the testimony and documentary evidence presented, the Hearing Master found, *inter alia*, that:

"[h]usband's [instant PLAINTIFF] argument against his intent to transfer property is not credible given his actual testimony as against the other witnesses. The transfer and grant to wife [Janet MCCLURE] of gas, oil, and mineral rights is considered an intentional and knowing transfer given all testimony and circumstances. It is further found that wife's marital interest in the gas, oil and mineral rights through her marital ownership interest in the real estate is further confirmation of the written transfer intent."

**(Discussion paragraph of Hearing Master's Recommendations).**

Significantly, in terms of the instant matter, the Hearing Master also noted that "[t]he parties' stipulated settlement deals with all other equitable distribution issues ... ." **(Discussion paragraph of Hearing Master's Recommendations).** The Court has read this statement to mean that the issue of the gas, oil, and mineral rights, the same issue upon which the instant case is based, was the only one litigated at the divorce hearing; in fact, the hearing transcript shows that issue of the gas, oil and mineral rights was the only issue litigated at the divorce proceeding.

There is no indication that exceptions to the recommendations of the Hearing Master were filed or that a hearing *de novo* was requested.

Following the divorce hearing, the Hearing Master forwarded his recommendations to the Court. Court records show that, on 5 August 2011, an order of court was entered to case 09FC000497, the divorce matter in connection with which the hearing of 15 June 2011 was based. In that order, Maureen T. Beirne, President Judge of the Bradford County Court of Common Pleas, in accordance with the Hearing Master's recommendation, decreed that "[o]il, gas, and mineral rights reserved on deed dated July 21, 2009, Bradford County Register and Record instrument #251588 is distributed half to each party as each party's division of marital property as each party's separate

property." **(BCCCP Order to #09FC000497 dtd 5 August 2011 at b.).** Thus, the determination made at the hearing was essential to the resulting judgment.

There is no record of an appeal having been taken from the Order of 5 August 2014, and the Order became final in accordance with Pennsylvania law.

"A judgment is deemed final for purposes of ... collateral estoppel unless or until it is reversed on appeal." **Green v. Green, 2001 PA Super 256, 783 A.2d 788 (2001)(citing Shaffer v. Smith, 543 Pa. 526, 673 A.2d 872 (Pa. 1996).**

In light of the foregoing, the Court is convinced that all prongs of the collateral estoppel applicability test, including prong number five, are met and that the principle of collateral estoppel is properly invoked and applied in the instant case.

Accordingly, the following Order is entered: