J-A23033-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| POPS PCE TT, LP, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| R&R RESTAURANT GROUP, LLC, F/K/A/ | : | |
| BREWSTONE PITTSBURGH, LLC, | : | |
| | : | |
| Appellant | : | No. 1944 WDA 2015 |

Appeal from the Order November 13, 2015,
in the Court of Common Pleas of Allegheny County,
Civil Division, at No(s): GD15-11052

BEFORE:    LAZARUS, STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:      FILED: November 18, 2016

R&R Restaurant Group, LLC, f/k/a Brewstone Pittsburgh, LLC, (Tenant) appeals from the order which denied its petition to open judgment entered by confession.  Upon review, we vacate the trial court's order and remand for further proceedings.

This action commenced on June 30, 2015, when Pops PCE TT, LP, (Landlord) filed a complaint in confession of judgment for money damages against Tenant.  Therein, Landlord averred that Tenant executed a commercial lease for premises located in Pittsburgh, Pennsylvania, for a ten-year term commencing on December 22, 2013, and expiring on November 30, 2023.  Complaint, 6/30/2015, at ¶¶ 3, 5-6.  Pursuant to the lease, Tenant was to pay Landlord a total of $21,028.41 per month, while remaining responsible for certain additional charges actually incurred, for the

*Retired Senior Judge assigned to the Superior Court.

period of December 22, 2013 through December 21, 2018. *Id.* at ¶¶ 7-8. During the period of December 22, 2018, through November 30, 2023, Tenant was to pay Landlord a total of $22,421.08 per month, while remaining responsible for certain additional charges actually incurred. *Id.* at ¶¶ 9-10.

The lease also provided that, in the event of default by Tenant, Landlord may confess judgment for all sums due under the lease. *Id.* at ¶ 13; Lease, 12/22/2013, Exhibit A, page 42, Article 45. Additionally, the lease included a provision for the acceleration of rent upon default by Tenant. Complaint, 6/30/2015, at ¶ 21; Lease, 12/22/2013, Exhibit A, pages 28-30, Article 23.

In the complaint, Landlord further averred that it filed a landlord-tenant complaint on January 20, 2015 before a magisterial district judge (MDJ) "for the possession of the leased premises only." *Id.* at ¶ 18 (unnecessary capitalization omitted). "On January 29, 2015, the [MDJ] entered a notice of judgment ... which found [Tenant] in default of the lease, determined that $21,028.41 was currently due and owing from [Tenant] on a monthly basis, and granted possession of the leased premises to [Landlord]." *Id.* at ¶ 19 (unnecessary capitalization omitted).

The complaint further alleged that default under the lease had occurred due to Tenant's failure "to comply with obligations, agreements and covenants contained in the lease, and failure to pay outstanding rent

outlined in the lease on demand, which has been made on numerous occasions." *Id.* at ¶ 16 (unnecessary capitalization omitted). The complaint set forth an itemization of the monthly rent payments and additional amounts that Landlord asserted were due and owing from Tenant and, as authorized by the warrant of attorney contained in the lease, demanded judgment against Tenant in the amount of $2,334,608.87, plus post-judgment interest and costs of suit. *Id.* at ¶¶ 22-27. Judgment by confession in that amount was entered on June 30, 2015.

On July 22, 2015, Tenant filed a petition to open and/or strike judgment entered by confession. In support of its petition to open the judgment, Tenant alleged that it leased the premises with the intention of operating a restaurant and bar and that its obligations under the lease, in whole or in part, were contingent upon its ability to obtain a liquor license. Petition to Open Judgment, 7/22/2015, at ¶¶ 21-22. Tenant pointed out that, pursuant to Article 49 of the lease, all minimum rent due under the lease "shall be abated" for any period that Tenant was unable to sell alcoholic beverages as a result of its pending application for a liquor license. *Id.* at ¶ 23. Moreover, pursuant to Article 49, Tenant could elect to terminate the lease by providing written notice of termination to Landlord of its inability to secure and/or transfer a liquor license, upon which notice the lease would terminate. *Id.* at ¶¶ 24-25. Tenant outlined what it alleged were its "good faith," yet unsuccessful, efforts to obtain a liquor license as

well as Landlord's lack of cooperation with respect to those efforts, and it averred that, pursuant to its express right in the lease, it had previously terminated the lease. *Id.* at ¶¶ 26-47.

In its petition to open judgment by confession, Tenant outlined the following meritorious defenses: (1) the confessed judgment contained items not permitted by Article 45 of the lease; (2) Tenant had not breached the lease; (3) the amount of the confessed judgment was incorrect because Tenant made payments for which it was not given credit; (4) Landlord had received possession of the leased premises and thus was precluded from entering the confessed judgment pursuant to Article 45 of the lease; (5) despite its actions, Tenant never effectuated the transfer of a liquor license for use at the leased premises pursuant to Article 49 of the lease; (6) Landlord failed to mitigate its damages and/or re-let the leased premises; (7) Landlord failed to credit Tenant for improvements Tenant made to the leased premises; and (8) Tenant properly terminated the lease with Landlord. *Id.* at ¶ 20. Tenant further asserted "new matter defenses," claiming that Landlord's complaint was barred because Landlord failed to state a cause of action for which relief may be granted, the warrant of attorney failed to specify Landlord's ability to confess judgment, Landlord failed to mitigate its damages, and Tenant properly terminated the lease. *Id.* at ¶¶ 49, 54-56. Tenant also alleged that the complaint was barred for any and all payments made to Landlord by subsequent tenants and barred

by the following affirmative defenses: the statute of limitations, payment, estoppel, and justification. *Id.* at ¶¶ 50-53, 57.

On August 25, 2015, the trial court entered an order which, *inter alia*, denied Tenant's petition to strike,[1] issued a rule upon Landlord to show cause as to why Tenant is not entitled to the relief requested with respect to its petition to open, and ordered Landlord to file an answer to the petition.

On September 14, 2015, Landlord filed an answer and new matter to Tenant's petition to open. Therein, Landlord admitted that the MDJ granted Landlord possession of the leased premises on January 29, 2015, but also stated that the MDJ further determined that Tenant was in default on the lease and that Tenant "was responsible for the full unabated rent in the amount of $21,028.41 per month under the [l]ease." Landlord's Answer and New Matter to Petition to Open, 9/14/2015, at ¶ 5. Landlord also denied that Tenant had a defense which merited opening the judgment, asserting that "the defenses asserted by … Tenant in its [p]etition are barred by *res judicata* and/or collateral estoppel and/or otherwise fail as a matter of law." *Id.* at ¶ 7. Landlord denied Tenant's averment setting forth its meritorious defenses, explaining as follows:

> [A]ll amounts included in the confessed judgment are proper and permitted by the lease. By way of further response, said defenses fail as a matter of law under the terms of the lease and/or are otherwise barred by the doctrines of *res judicata* and/or collateral estoppel by virtue of the final … order entered

---

[1] The denial of Tenant's petition to strike is not at issue in this appeal.

[and not appealed] in the magistrate proceeding which determined Tenant was in default, and rejected the defenses asserted by Tenant that it was not in default of the Lease, that Tenant previously terminated the Lease and therefore could not be in default of the Lease, that Tenant made the required efforts and/or otherwise acted in good faith with respect to the liquor license, and which further concluded that Tenant owes the full unabated rent of $21,028.41 per month to Landlord. By way of further response it is specifically denied that … the lease prohibits Landlord from confessing judgment for the amounts due and owing under the lease subsequent to taking possession of the leased premises, that the confessed judgment contains amounts that are not permitted by the lease, that Landlord is required to mitigate damages or failed to mitigate its damages and/or that Landlord has entered judgment in the improper amount or failed to credit Tenant for any amounts and/or improvements which are properly credited to Tenant.

*Id.* at ¶ 20 (unnecessary capitalization omitted). Landlord asserted that Tenant could not re-litigate the breach of the lease in this proceeding. *See*, *e.g., id.* at ¶ 22. Landlord further denied, in large part, Tenant's averments as they related to Tenant's efforts to obtain a liquor license and Landlord's role and obligations with respect to those efforts. *Id.* at ¶¶ 26-47. Landlord also denied all of Tenant's new matter defenses. *Id.* at ¶¶ 49-57.

Landlord also filed new matter to the petition to open, wherein it alleged that, *inter alia*, a hearing was held before the MDJ on the landlord-tenant complaint. *Id.* at ¶ 68. Landlord asserted that, in that proceeding, Landlord sought a determination that Tenant was in default of the lease and that the current amount of monthly rent due and owing from Tenant to Landlord was the full unabated amount of $21,028.41 per month. *Id.* at ¶ 69. Landlord averred that the hearing lasted over one hour, that the

property manager for the leased premises testified on behalf of Landlord, and that evidence was presented on the issue of Tenant's failure to make timely rental payments and utilize good faith efforts to acquire a liquor license and keep Landlord informed of the status of those efforts; the amount of minimum rent, operating expenses, property taxes and additional rent under the Lease; and the abated rent provision of the lease and its applicability.  *Id.* at ¶¶ 70-75.  Landlord also averred that Tenant cross-examined the property manager and introduced its own evidence, and took the position that it was not in default on the lease; it had paid the proper amounts due and owing; it made a good faith effort to obtain the liquor license; Landlord and/or third parties were responsible for the delay in obtaining the liquor license; and it had previously terminated the lease. *Id.* at ¶¶ 76-82.  Landlord stated that Tenant acknowledged that it was not currently operating at the leased premises at the time of the MDJ proceeding.  *Id.* at ¶ 83.

Landlord asserted that the MDJ found Tenant in breach of the lease and entered a notice of judgment in favor of Landlord, awarding landlord possession of the leased premises and determining that the amount of rent per month shall be $21,028.41.  *Id.* at ¶¶ 84-85.  Landlord explained that no appeal was filed from the magistrate award and reiterated its position that tenant had waived all issues pursuant to the doctrine of *res judicata*

and/or collateral estoppel for Tenant's failure to appeal the entry of the MDJ's judgment. *Id.* at ¶¶ 86-87.

Landlord averred that the lease does not limit its recovery for acceleration of rent subsequent to obtaining possession and that it confessed judgment in the proper amount and consistent with the MDJ award and the terms of the lease. *Id.* at ¶¶ 92-101, 103, 106. In addition to asserting that the bases asserted in Tenant's petition are barred by collateral estoppel, *res judicata*, and/or are otherwise barred by law pursuant to the MDJ proceeding, Landlord further asserted that Tenant's petition to open fails to state sufficient grounds to open the confessed judgment, that the petition fails to state a claim upon which relief may be granted, that the claims are barred by the doctrine of laches, waiver, and/or estoppel, and the applicable statute of limitations. *Id.* at ¶¶ 104-05, 108-10.

On October 2, 2015, Tenant filed a brief in support of its petition to open. Therein, Tenant again outlined its efforts to obtain a liquor license and Landlord's role in those efforts and stated that it had terminated the lease. Tenant's Brief in Support of Petition to Open Judgment Entered by Confession, 10/2/2015, at 3-10. It also explained that, with respect to the MDJ proceeding, Landlord sought possession only and the MDJ granted Landlord possession only. *Id.* at 10-11. Tenant explained that, at the hearing, it did not object to Landlord's request for possession and disclosed to the MDJ and opposing counsel that Tenant had vacated the leased

premises and possession was not being contested. *Id.* In its brief, Tenant further asserted and presented argument on the following affirmative defenses to the judgment entered by confession: the doctrine of merger, the doctrine of waiver, and the doctrines of *res judicata* and collateral estoppel. *Id.* at 15-21. With respect to *res judicata* and collateral estoppel, Tenant also presented the alternative argument that the doctrines bar neither Landlord's claims for damages nor Tenant's defenses. *Id.* at 21-22. Finally, Tenant argued that a jury question exists as to whether it put forth a good faith effort to secure a liquor license, whether it properly terminated the lease, and whether Landlord had a duty to assist Tenant in obtaining a Liquor license and whether Landlord fulfilled that duty. *Id.* at 22-27.[2]

On October 14, 2015, Tenant filed a reply to Landlord's new matter. Therein, Tenant denied that it was in default of the lease and admitted that Landlord sought only possession before the MDJ. Tenant's Reply to New Matter, 10/14/201, at ¶¶ 67. With respect to the hearing before the MDJ, Tenant admitted that a hearing was held, that the property manager testified and that evidence was presented as to Tenant's failure to pay timely rental payments *Id.* at ¶¶ 68, 71, 72. Tenant denied that evidence was

---

[2] In its brief, Tenant referred to an affidavit of Louis F. Caputo, Esquire, which it ultimately filed on October 13, 2015, in support of its petition to open. Attorney Caputo stated that he was retained by Tenant for the purpose of assisting Tenant in its attempts to obtain a liquor license, outlined Tenant's efforts to do so, and averred that Tenant, through himself and additional counsel, made its best efforts to obtain a liquor license. Affidavit of Attorney Caputo, 10/13/2015.

presented on the issue of its efforts to obtain a liquor license and whether they were made in "good faith," as Tenant's efforts were not at issue before the MDJ. *Id.* at ¶¶ 73, 75, 80-81. Tenant admitted that evidence on rent payments was restricted to rent due under the lease for the period from the commencement of the lease term through the date of the MDJ hearing only. *Id.* at ¶ 74. Tenant further admitted that it cross-examined the property manager, that it introduced its own evidence, and that it took the position at the hearing that it was not in default of the Lease and that it paid the proper amounts due and owing under the lease, further explaining that it did not oppose Landlord taking possession of the leased premises and that it terminated the lease pursuant to its terms. *Id.* at ¶¶ 76-79, 82-83. Tenant acknowledged that it was not currently operating at the leased premises at the time of the MDJ proceeding, further stating that it offered to peaceably deliver possession of the leased premises to Landlord and that Landlord refused. *Id.* at ¶¶ 82-83. Tenant, in large part, denied the remaining averments in Landlord's new matter. *Id.* at ¶¶ 84-115.

On October 16, 2015, Landlord filed its brief in opposition to the petition to open judgment entered by confession. Landlord argued that Tenant had waived certain defenses raised in its brief but not in the petition, that the waived claims nonetheless did not entitle Tenant to relief, that Tenant admitted the facts set forth in Landlord's new matter for failing to file a timely reply to Landlord's new matter or by expressly admitting them in its

late-filed reply to Landlord's new matter, that the petition fails under the doctrines of *res judicata* and/or collateral estoppel, and that Tenant failed to present issues of fact for the jury. Landlord's Brief in Opposition to Petition to Open Judgment Entered by Confession, 10/16/2015, at 8-18.

Following oral argument on Tenant's petition, the trial court issued its order denying the petition. Tenant timely filed a notice of appeal. The court directed Tenant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and one was filed. The court issued its opinion pursuant to Pa.R.A.P. 1925(a) on April 11, 2016. Therein, the trial court concluded, in relevant part, as follows:

> The [MDJ]'s award was rendered after a contested hearing, during which both sides presented evidence and argument. The [MDJ] rejected the arguments advanced by Tenant at that time, and Tenant failed to appeal that decision. In order to assert a meritorious defense against the confessed judgment filed in the [trial court], Tenant must establish not only that it has a meritorious defense against the substantive claims on the lease agreement, but also a meritorious defense respecting the application of the doctrines of *res judicata* and collateral estoppel that apply to the [MDJ]'s award. Tenant has failed to advance such a meritorious defense.

Trial Court Opinion, 4/11/2016, at 5. The trial court added the following in a footnote:

> As observed in Landlord's brief, and as established in the record in this case, Tenant has waived several factual issues and legal arguments. First, Tenant failed to timely respond to Landlord's answer and new matter thereby admitting facts asserted therein. Moreover, while Tenant has raised certain arguments in its brief, such arguments were not identified within its petition to open, and as such, must be deemed waived. Notwithstanding such waiver, this court will briefly address these arguments, which, in

the judgment of the court, even if not waived, are not substantively meritorious.

*Id.* at 5 n.1 (unnecessary capitalization omitted). The trial court continued by rejecting, on the merits, Tenant's defenses asserted in its brief based on the doctrine of merger, waiver, collateral estoppel, and *res judicata*. *Id.* at 5-8.

On appeal, Appellant raises the following issues:

A. Whether the trial court abused its discretion by its overly broad application of the doctrines of *res judicata* or collateral estoppel in denying [Tenant's] petition to open the judgment entered by confession.

B. In the alternative, whether the trial court abused its discretion by selectively applying doctrines of *res judicata* or collateral estoppel to [Tenant's] defenses only in denying [Tenant's] petition to open the judgment entered by confession.

C. Also in the alternative, whether the trial court abused its discretion or committed an error of law by failing to consider the doctrine of merger or defense of waiver when denying [Tenant's] petition to open the judgment entered by confession.

D. Whether the trial court abused its discretion or committed an error of law by denying [Tenant's] petition to open the judgment entered by confession where [Tenant] properly presented a meritorious defense(s) sufficient to raise a question that must be submitted to the trier of fact.

    i. Whether [Tenant] presented adequate evidence that it used its best efforts to secure a liquor license for use at the leased premises sufficient to raise a question that must be submitted to a trier of fact.

    ii. Whether [Tenant] presented adequate evidence that it properly terminated the lease to [*sic*] sufficient to raise a question that must be submitted to the trier of fact.

- 12 -

    iii. Whether [Tenant] presented adequate evidence that the judgment entered by confession should be opened as a result of the [Landlord's] breach of its duty to assist [Tenant] in obtaining a liquor license for use at the leased premises to raise a question that must be submitted to the trier of fact.

E. Whether the trial court abused its discretion or committed an error of law by finding that [Tenant] waived several factual issues and legal arguments by failing to timely plead pursuant to [Pa.R.C.P. 206.7(c) or 1026(a).]

Tenant's Brief at 4-5 (unnecessary capitalization and emphasis omitted).

We address Appellant's issues mindful of the following.

[W]e review the order denying Appellant's petition to open the confessed judgment for an abuse of discretion.

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason.

The trial court may open a confessed judgment if the petitioner (1) acts promptly, (2) alleges a meritorious defense, and (3) can produce sufficient evidence to require submission of the case to a jury. Generally, the court will dispose of the rule on petition and answer, along with other discovery and admissions.

***

A meritorious defense is one upon which relief could be afforded if proven at trial.

> Pa.R.Civ.P. 2959(e) sets forth the standard by which a court determines whether a moving party has properly averred a meritorious defense. If evidence is produced which in a jury trial would require the issues to be submitted to the jury the court shall open the judgment. Furthermore, the court must view the evidence presented

- 13 -

in the light most favorable to the moving party, while rejecting contrary evidence of the non-moving party. The petitioner need not produce evidence proving that if the judgment is opened, the petitioner will prevail. Moreover, we must accept as true the petitioner's evidence and all reasonable and proper inferences flowing therefrom.

In other words, a judgment of confession will be opened if a petitioner seeking relief therefrom produces evidence which in a jury trial would require issues to be submitted to a jury. The standard of sufficiency here is similar to the standard for a directed verdict, in that we must view the facts most favorably to the moving party, we must accept as true all the evidence and proper inferences in support of the defense raised, and we must reject all adverse allegations. The trial court can make this decision as a matter of law when the defense presented is without adequate substance, because contract construction and interpretation is generally a question of law for the court to decide.

…. In the context of a petition to open a confessed judgment, [t]he function of our [C]ourt is not to [w]eigh the evidence in support of the defense, but merely to determine whether there was sufficient evidence to go to the jury.

*Neducsin v. Caplan*, 121 A.3d 498, 506-07 (Pa. Super. 2015) (internal quotation marks, emphasis, and citations omitted).

In its first issue, Tenant argues that neither *res judicata* nor collateral estoppel precludes Tenant from raising its meritorious defenses to Landlord's complaint. Tenant's Brief at 19. Tenant essentially argues that Landlord filed its landlord-tenant complaint for possession of the leased premises only and that that claim was the only one decided by the MDJ. *Id.* at 21-22. Tenant argues, therefore, that application of the doctrines must stop with that claim; they have "no effect on subsequent claims for [Landlord's] alleged entitlement to money damages pursuant to the [l]ease." *Id.* at 19,

21. Tenant argues that the trial court improperly broadened the scope of the MDJ judgment and its preclusive effect to causes of action and issues which were outside of Landlord's sole claim for possession and that the MDJ cannot "pass judgment or make a decision on the merits of an issue or cause of action that was not in front of [it] at the time." *Id.* at 19-22. Tenant further argues that its facts and meritorious defenses raised in its petition to open are in no way related to the issue of possession. *Id.* at 22.

With respect to the doctrine of *res judicata*, we note the following principles apply.

> *Res judicata,* which is also known as claim preclusion, holds that a final judgment on the merits by a court of competent jurisdiction will bar any future action on the same cause of action between the parties and their privies. The doctrine has application where the following are present: (1) identity of the thing sued upon or for; (2) identity of the cause of action; (3) identity of persons or parties to the actions; and (4) identity of the quality or capacity of the parties suing or sued. [A]ll matters which might have been raised and decided in the former suit, as well as those which were actually raised therein, are *res* [ ]*judicata* in a subsequent proceeding between the same parties and their privies.

> In determining whether *res judicata* should apply, a court may consider whether the factual allegations of both actions are the same, whether the same evidence is necessary to prove each action and whether both actions seek compensation for the same damages. The thing [that] the court [should] consider is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties actually had an opportunity to appear and assert their rights. Although based upon facts in common with an earlier action, *res judicata* will not bar a subsequent action where the damages for which relief was sought in the earlier action were entirely different. Indeed, two suits [that] have arisen out of the same set of factual circumstances may involve entirely separate causes of action.

*Rearick v. Elderton State Bank*, 97 A.3d 374, 380 (Pa. Super. 2014)

(internal quotation marks and citations omitted).

With respect to the doctrine of collateral estoppel, we observe the following.

> Collateral estoppel applies if (1) the issue decided in the prior case is identical to the one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and (5) the determination in the prior proceeding was essential to the judgment.

> Collateral estoppel is also referred to as issue preclusion. It is a broader concept than *res judicata* and operates to prevent a question of law or issue of fact which has once been litigated and fully determined in a court of competent jurisdiction from being relitigated in a subsequent suit.

*Perelman v. Perelman*, 125 A.3d 1259, 1265 (Pa. Super. 2015) (quoting

*Catroppa v. Carlton*, 998 A.2d 643, 646 (Pa. Super 2010)).

We agree with Tenant that the doctrines of *res judicata* and collateral estoppel do not preclude Tenant from asserting its meritorious defenses in its petition to open the confessed judgment. A review of the landlord-tenant complaint attached to Landlord's complaint in confession of judgment reveals that it asserted certain breaches of the lease and stated the following: "This action is for possession only. [Landlord] reserves all rights to pursue a separate claim for monetary damages under the Lease." Landlord-Tenant Complaint, Exhibit E, 1/20/2015. Moreover, the MDJ's

notice of judgment attached to Landlord's complaint in confession of judgment states as follows under the heading "Disposition Details:" "Grant possession. Yes." Notice of Judgment, Exhibit F, 1/29/2015, at 1. Under the heading "Judgment Finding," the notice of judgment states "[O]n 1/29/2015 the judgment was awarded as follows: The amount of rent per month, as established by the [MDJ], is $21,028.41."[3] ***Id.***

*Res judicata* requires identity of the causes of action. The only cause of action before the MDJ was for possession. Indeed, Landlord reserved its right to pursue a separate claim for monetary damages, which it did by later filing the complaint for confession of judgment for money damages at issue herein. Clearly, the causes of action are not identical and *res judicata* does not apply.

Collateral estoppel requires that the determination in the prior proceeding was essential to the judgment. A review of the MDJ's notice of judgment reveals that, if it was even decided, the question whether Tenant was in default under the lease was not essential to its judgment that Landlord is entitled to possession. Rather, viewing the record in the light most favorable to the moving party, it appears that Tenant conceded possession, as it had already vacated the premises and had no objection to

---

[3] Pursuant to Pa.R.C.P.M.D.J. 514, the MDJ is required to, *inter alia*, "make an entry identifying the sum of money found by the [MDJ] to constitute the monthly rental for the leasehold premises." Pa.R.C.P.D.J. 514(A). "The separate entries provided in paragraph A are made necessary as a result of the rental deposit provisions for appeal or certiorari …." Pa.R.C.P.D.J. 514 Cmt.

the awarding of possession.[4]  Therefore, collateral estoppel likewise does not apply.

Based on the foregoing, we hold that the trial court erred in concluding that the above doctrines preclude Tenant from asserting its affirmative defenses to the complaint for confession of judgment.  Therefore, we now turn to Tenant's remaining issues on appeal.[5]

Next, Tenant argues that the trial court abused its discretion or erred by denying Tenant's petition to open the judgment entered by confession where Tenant presented meritorious defenses therein sufficient to raise questions that must be submitted to the trier of fact.  Tenant argues that the trial court did not consider properly whether Appellant raised meritorious defenses, noting that it "need not concern itself too intimately with [Tenant's] factual contentions."  Tenant's Brief at 29-30 (quoting Trial Court Opinion, 4/11/2016, at 4).  Tenant argues that it presented adequate evidence with respect to various defenses that require submission to a trier of fact.  *Id.* at 31-35.

---

[4] The record contains no transcript from the MDJ hearing.

[5] Tenant presents alternative arguments in the event that we would hold that its first issue did not merit relief.  Those alternative arguments are that (1) if *res judicata* or collateral estoppel applies to bar Tenant's defenses, then the doctrines must also apply to bar Landlord's complaint, and (2) the trial court abused its discretion or committed an error of law by failing to apply the doctrine of merger or defense of waiver when denying Tenant's petition to open judgment entered by confession.  Tenant's Brief at 23-29.  Because we hold that Tenant is entitled to relief on its first issue, we need not address these alternative arguments.

Upon review, we conclude that the trial court erred in declining to consider whether Tenant asserted meritorious defenses to the confessed judgment in its petition. With respect to Tenant's factual contentions, the court reasoned that even if they were supported by the record and permitted a juror to find in its favor, it would "putatively support only a timely filed petition to open the magistrate's award, (if it had been obtained by a confessed judgment), not the confessed judgment filed in the [trial court] at issue here." Trial Court Opinion, 4/11/2016, at 4-5. As stated above, the trial court went on to conclude that Tenant failed to assert a meritorious defense "respecting the application of the doctrines of *res judicata* and collateral estoppel." *Id.* at 5. Thus, the trial court, relying on the fact that Tenant's action was precluded, did not decide whether Tenant presented one or more meritorious defenses in its petition.

Under the circumstances herein, we conclude that a remand is proper for the trial court to determine in the first instance whether Tenant has properly asserted meritorious defenses in its petition to open judgment by confession. ***See Cossell v. Cornish***, 797 A.2d 981, 983 & n.2 (Pa. Super. 2002) (reversing the trial court's order denying a petition to open a confessed judgment as untimely filed and remanding for further proceedings, observing that it was appropriate for the Cossells' alternative argument that Cornish's petition did not sufficiently allege a meritorious defense to "be presented to and decided by the trial court on remand" given

that no record had been developed on the claim and the trial court did not rule on that basis); ***Lincoln Bank v. Kelly***, 422 A.2d 1106, 1109 (Pa. Super. 1980) ("A petition to open judgment is first an appeal to the equitable and discretionary powers of the lower court and as such, the exercise of the lower court's discretion in either opening or refusing to open a judgment taken by confession, will not be disturbed on appeal unless the lower court has committed a manifest abuse of discretion or an error of law."); ***see also*** Pa.R.C.P. 2960 ("If a judgment is opened in whole or in part the issues to be tried shall be defined by[, *inter alia*,] the order of the court opening the judgment.").

Finally, Tenant argues that the trial court abused its discretion or erred by determining that Tenant failed to respond timely to Landlord's answer and new matter, thereby admitting facts asserted therein. Tenant contends that the trial court committed an error of law or abused its discretion to the extent it based its decision on or refused to consider improperly excluded facts. Tenant's Brief at 35-36. Tenant further argues that, though pleadings shall be filed within twenty days after service of a preceding pleading pursuant to Pa.R.C.P. 1026(a), the rule is not absolute; the rules of civil procedure are to be construed liberally in order to effectuate equitable results; and pleadings may be filed past the deadline if the opposing party is not prejudiced and where justice requires it. Tenant's Brief at 36. Tenant observes that Landlord makes no argument of prejudice and the trial court

made no such finding, and that the determination is inequitable. *Id.* at 37.

We agree.

> It has long been the law that the rule requiring the filing of a responsive pleading within twenty days is not absolute. Our Supreme Court instructs us:
>
>> Pa.R.C.P. 1026 provides that a pleading shall be filed within 20 days after service of a preceding pleading. This rule is not mandatory but permissive. We have held that late pleadings may be filed if the opposite party is not prejudiced and justice requires. Much must be left to the discretion of the lower court.
>
> This court has recognized that it is within the sound discretion of the trial court to permit a late filing of a pleading where the opposing party will not be prejudiced and justice so requires. Where possible, the rules of civil procedure, including filing rules, should be liberally construed in order to effect equitable results.

*Ambrose v. Cross Creek Condominiums*, 602 A.2d 864, 868 (Pa. Super. 1992) (internal quotation marks, emphasis, and citations omitted).

Here, Landlord did not assert prejudice and the trial court made no such finding. Moreover, we agree with Tenant that it is inequitable to conclude that it admitted facts based on the late filing under the circumstances of this case.[6] Thus, we hold that the trial court's conclusory

---

[6] We reach this conclusion particularly in light of the fact that Pa.R.C.P. 2959, relating to striking off or opening a judgment, pleadings, and procedure, makes no specific mention of a plaintiff's ability to file new matter in response to a petition to open. *See* Pa.R.C.P. 2959(b), (e) (stating that "[a]fter being served with a copy of the petition the plaintiff shall file an answer on or before the return day of the rule" to show cause and that "[t]he court shall dispose of the rule on petition and answer, and on any testimony, depositions, admissions and other evidence"). *See also* Pa.R.C.P. 2906 ("If a judgment is opened in whole or in part the issues to be tried shall be defined by the complaint if a complaint has been filed, and by

statement that "Tenant failed to timely respond to Landlord's Answer and New Matter thereby admitting facts asserted therein" is error. Trial Court Opinion, 4/11/2016, at 5 n.1. On remand, the trial court shall consider Tenant's reply to new matter as timely filed.[7]

In view of the foregoing, we vacate the trial court's order on the basis that it erred in holding that the doctrines of *res judicata* and collateral estoppel applied to bar Tenant's asserting meritorious defenses to the entry of the confessed judgment. Moreover, because the court did not consider the meritorious defenses asserted by Tenant in its petition to open, we remand for further proceedings for the trial court to do so. In rendering its ruling, the trial court is to consider Tenant's reply to Landlord's answer and new matter as timely filed in accordance with this memorandum.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/18/2016

---

the petition, answer and the order of the court opening the judgment. There shall be no further pleadings.").

[7] Landlord argues that Tenant has waived this argument for failing to include it in its Rule 1925(b) statement. Landlord's Brief at 15-16. We decline to find waiver on this basis, as the court's Rule 1925(a) opinion is the first instance of record in which the trial court indicated its conclusion in this regard.