**Nancy Torres VIGNOLA, Appellant**

v.

**Cort VIGNOLA, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 26, 2011.
Filed Feb. 17, 2012.

---

**8.** In light of our determination, we need not address the Commonwealth's additional issues.

John E. Cook, Whitehall, for appellant.

Allen I. Tullar, Allentown, for appellee.

BEFORE: LAZARUS, OTT and PLATT *, JJ.

OPINION BY OTT, J.:

Nancy Torres Vignola appeals from the Lehigh County Court of Common Pleas' order, entered on April 11, 2011, which granted Cort Vignola's petition for declaratory judgment pursuant to 23 Pa.C.S. § 3306.[1] Nancy Vignola raises the following two issues: (1) whether the court erred in finding that the issue of whether there was a common law marriage between the parties had previously been determined, and (2) may a support hearing officer determine whether a common law marriage existed, when, by statute, the only way to make that determination is after a declaratory judgment based on the evidence at a hearing. Based on the following, we affirm.

Nancy Vignola and Cort Vignola met and began living together in September 1990. Three children were born out of the relationship. On November 14, 2006, Nan-

---

* Retired Senior Judge assigned to the Superior Court.

1. Both Cort Vignola and the court incorrectly identify the relevant statute as 23 Pa.C.S. § 3307. *See* Cort Vignola's Petition for Declaratory Judgement, 2/23/2011, at 1; Trial Court Opinion, 6/24/2011, at 1. However, it is apparent that the intended statute is 23 Pa. C.S. § 3306.

cy Vignola filed a complaint for child and spousal support against Cort Vignola. She alleged they had a common law marriage. A conference was held and the hearing officer stated, in pertinent part:

> A conference was held on 4/9/07 at 10:30 AM for which both parties and [Cort Vignola]'s attorney appeared. [Nancy Vignola] contends the parties have a valid marriage through common law and [Cort Vignola] disputes that stating the parties do not have a common law marriage. After further questioning of the parties, it appears the parties never had a ceremony where vows were exchanged, therefore, no common law marriage existed between the parties for purposes of support. Due to this determination, [Nancy Vignola]'s portion of the complaint for spousal support filed on 11/14/06 is dismissed.

Order of Court, Summary of Trier of Fact, 5/1/2007, at 2. On May 1, 2007, the Lehigh County Court of Common Pleas adopted the hearing officer's recommendations and disposed of Nancy Vignola's complaint in an interim order,[2] which required Cort Vignola to pay only child support. Nancy Vignola did not request a hearing *de novo* or file exceptions.

While her support request was pending, Nancy Vignola also filed a divorce complaint on February 7, 2007. However, she did not move forward with the complaint and it was purged on July 16, 2010.[3]

On January 14, 2011, Nancy Vignola filed a second complaint, requesting a divorce from Cort Vignola. She alleged the parties held themselves out to be husband and wife under 23 Pa.C.S. § 1103 and that the marriage was irretrievably broken. Cort Vignola filed an answer and new matter on February 23, 2011, denying that the parties were husband and wife because there was no marriage.[4]

That same day, Cort Vignola also filed a petition for declaratory judgment, stating that a valid marriage did not exist between the parties. He averred Nancy Vignola had previously filed the November 14, 2006 complaint for child and spousal support and her request for spousal support was dismissed in the May 1, 2007 interim order on the basis that the parties were never married. Cort Vignola stated Nancy Vignola did not appeal that order or request a hearing *de novo* and therefore, she was collaterally estopped from now asserting that the parties were married.

A hearing was held on April 8, 2011. Three days later, the trial court entered an order, granting Cort Vignola's petition for declaratory judgment "on the basis that [Nancy Vignola] is collaterally estopped from asserting that the parties are married[.]" Order, 4/11/2011, at 1. Nancy Vignola filed this timely appeal.[5]

Before we address Nancy Vignola's issues, we note the alleged common law marriage predates 23 Pa.C.S. § 1103 ("No common-law marriage contracted after

---

2. *See* Docket No. DR–06–02318.

3. A copy of the purge order was not included in the original record. However, both the court and Cort Vignola's counsel referenced it at the April 8, 2011 hearing and Nancy Vignola's counsel did not object to its contents.

4. He also alleged the parties never expressed a present intent to establish a relationship of husband and wife, they had not lived together since 2003 and did not cohabit in such a fashion to establish grounds for a common law marriage, and they did not have a general reputation in the community as husband and wife.

5. The court did not order Nancy Vignola to file a concise statement of errors complained of on appeal under Pa.R.A.P. 1925(b). The court issued an opinion under Pa.R.A.P. 1925(a) on June 24, 2011.

January 1, 2005, shall be valid. Nothing in this part shall be deemed or taken to render any common-law marriage otherwise lawful and contracted on or before January 1, 2005, invalid."). Therefore, the court's examination of the validity of the marriage was proper.

In her first argument, Nancy Vignola claims the trial court erred in finding that collateral estoppel prevented her from moving for divorce against Cort Vignola. She states the issue of marriage was not previously decided for the following reasons: (1) an order regarding spousal support is unappealable prior to a final divorce decree as set forth in prior case law;[6] (2) a determination as to the validity of a common law marriage is only proper under a proceeding as specified in 23 Pa. C.S. § 3306; and (3) the determination of the conference officer is erroneous as its conclusions are directly opposed to the Pennsylvania Supreme Court's position on whether a ceremony is required to establish a common law marriage, citing *Manfredi Estate*, 399 Pa. 285, 159 A.2d 697 (1960).

Our standard of review is as follows:

In reviewing a declaratory judgment action, we are limited to determining whether the trial court clearly abused its discretion or committed an error of law. If the trial court's determination is supported by the record, we may not substitute our own judgment for that of the trial court. The application of the law, however, is always subject to our review.

*Bianchi v. Bianchi*, 859 A.2d 511, 515 (Pa.Super.2004) (citations and quotation marks omitted).

▉ Because the trial court granted the declaratory judgment on the basis of collateral estoppel, we note the doctrine of collateral estoppel applies

if (1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and (5) the determination in the prior proceeding was essential to the judgment.

Collateral estoppel is also referred to as issue preclusion. It is a broader concept than *res judicata* and operates to prevent a question of law or issue of fact which has once been litigated and fully determined in a court of competent jurisdiction from being relitigated in a subsequent suit.

*Catroppa v. Carlton*, 998 A.2d 643, 646 (Pa.Super.2010), *appeal denied*, —— Pa. ——, 26 A.3d 1100 (2011), *quoting Incollingo v. Maurer*, 394 Pa.Super. 352, 575 A.2d 939, 940 (1990) (citations and quotation marks omitted).

Here, the court found the following:

At a hearing held April 8, 2011 [Cort Vignola]'s counsel argued that the Court of Common Pleas had refused [Nancy Vignola]'s motion for child and spousal support from [Cort Vignola] in 2007 after finding a common law marriage did not exist between the parties. [Nancy Vignola]'s counsel confirmed the substance of the May 1, 2007 Order denying support, and also confirmed that [Nancy Vignola] did not appeal the Court's decision.

6. She relies on *Fried v. Fried*, 509 Pa. 89, 501 A.2d 211 (1985), *Wall v. Wall*, 517 Pa. 29, 534 A.2d 465 (1987), and *Caplan v. Caplan*, 713 A.2d 674 (Pa.Super.1998).

This Court granted [Cort Vignola]'s motion based on this information. Had [Nancy Vignola] wished to challenge the Court's May 1, 2007 Order and the finding that a common law marriage did not exist, she should have taken the appropriate steps to appeal. Absent an appeal from the May 1, 2007 Order, the Court determined that collateral estoppel prevented [Nancy Vignola] from moving for divorce against [Cort Vignola], where the issue of ultimate fact of whether the parties were married had already been determined by a valid and final judgment in an action litigated between the same parties.

Trial Court Opinion, 6/24/2011, at 1–2. We agree with the court's determination.

With respect to actions for support, Pennsylvania Rule of Civil Procedure 1910.12 states that a hearing officer "shall receive evidence, hear argument and file with the court a report containing a recommendation with respect to the entry of an order of support." Pa.R.C.P. No. 1910.12(d). "The court, without hearing the parties, shall enter an interim order consistent with the proposed order of the hearing officer." Pa.R.C.P. No. 1910.12(e). Following the entry of an interim order, Rule 1910.12 provides:

(f) Within twenty days after the date of receipt or the date of mailing of the report by the hearing officer, whichever occurs first, any party may file exceptions to the report or any part thereof, to rulings on objections to evidence, to statements or findings of facts, to conclusions of law, or to any other matters occurring during the hearing. Each exception shall set forth a separate objection precisely and without discussion. Matters not covered by exceptions are deemed waived unless, prior to entry of the final order, leave is granted to file exceptions raising those matters. If exceptions are filed, any other party may file exceptions within twenty days of the date of service of the original exceptions.

(g) **If no exceptions are filed within the twenty-day period, the interim order shall constitute a final order.**

Pa.R.C.P. No. 1910.12 (emphasis added).

Here, during the April 9, 2007 office conference, Nancy Vignola requested spousal support from Cort Vignola. The request, including the hearing officer's recommendation to dismiss the demand, is evidenced in the Summary of Trier of Fact. The May 1, 2007 interim order only granted support for the three children and not for Nancy Vignola, thereby adopting the officer's recommendations. The notice of the parties' right to request a hearing *de novo* was attached to the order. Nancy Vignola never objected to the hearing officer's findings by requesting a hearing *de novo* or by filing exceptions. Therefore, the interim order, disposing of her support complaint, constituted a final order on May 21, 2007, pursuant to Pa.R.C.P. No. 1910.12(e). *See Perrotti v. Meredith*, 868 A.2d 1240 (Pa.Super.2005).[7]

---

7. In *Perrotti*, the appellant-wife filed a complaint in divorce and complaint for support, which included an allegation she and appellee-husband entered into a common law marriage. "Following a support conference, a domestic relations hearing officer recommended a denial of support 'on the basis that Pennsylvania no longer recognized common law marriage.'" *Perrotti*, 868 A.2d at 1241 (citation omitted). The trial court signed the order recommended by the hearing officer.

The appellant-wife then requested *de novo* review. The court concluded appellant-wife "had not carried her burden of proof and that, therefore, no common law marriage existed." *Id.* at 1242. She filed an appeal and a panel of this Court affirmed the trial court's decision. Unlike the appellant-wife in *Perrotti* who properly preserved her issue, Nancy Vignola did not request a hearing *de novo* to contest the officer's recommendations.

■ Since Nancy Vignola failed to appeal from the final order, the doctrine of collateral estoppel applied to the present divorce action. When Nancy Vignola filed her second divorce complaint on January 14, 2011, she attempted to renew the same issue that had previously been determined, whether a common law marriage existed between the two parties. Nancy and Cort Vignola are the same parties in the prior case. Nancy Vignola had a full and fair opportunity to litigate the issue in the prior proceeding but failed to take the appropriate steps to object to the findings of hearing officer and the trial court. Lastly, the determination in the prior proceeding was essential to the judgment that denied her spousal support claim by finding that she was not married to Cort Vignola. Therefore, collateral estoppel precludes Nancy Vignola from relitigating the issue of whether a common law marriage existed between the two parties. *See Catroppa, supra.*

Because our disposition in the first issue encompasses Nancy Vignola's argument in the second claim, whether a support hearing officer can make a determination regarding the validity of a common law marriage, we need not address it further.[8]

Accordingly, we conclude the trial court did not abuse its discretion or err in granting Cort Vignola's petition for declaratory judgment and we affirm the court's order.

Order affirmed.

---

**8.** *But see Perrotti, supra* (upholding a trial court's order, which adopted a hearing officer's recommendation that appellant-wife be denied spousal support because no common law marriage existed).