J-A12025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JEROME C. DEUTSCH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| IMPERIAL REALTY APPRAISAL LLC, | : | No. 3762 EDA 2017 |
| KAREN E. SANDS AND JAMES E. | : | |
| BAHNICK, MAI, SRA | : | |

Appeal from the Judgment Entered December 27, 2017
In the Court of Common Pleas of Northampton County
Civil Division at No(s):  C-48-CV-2014-05042

BEFORE:  BOWES, J., OTT, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OTT, J.:                    **FILED JULY 11, 2018**

Jerome C. Deutsch appeals from the judgment entered December 27, 2017, in the Court of Common Pleas of Northampton County, following the denial of post-trial motions.  In May, 2014, Deutsch initiated the present action for breach of contract and negligence against appellees/defendants, Imperial Realty Appraisal, LLC, Karen E. Sands, and James E. Bahnick, MAI, SRA (collectively, Appraisers).  Deutsch claims Appraisers are liable for inaccurate property appraisals performed by Sands in connection with an earlier partition action that Deutsch brought against Eric J. Bodish, the co-owner of the property.  On June 12, 2017, the trial court conducted a non-jury trial in the

present matter.[1]  Prior to trial, Appraisers, filed a Motion *in limine* to Preclude Evidence and Testimony Regarding the Reasonableness and Appropriateness of the Pertinent Appraisals Performed by Karen Sands.[2]  By order entered July 31, 2017, the trial court granted Appraisers' motion *in limine*, and concluded the issues presented in the instant action were previously litigated and decided in the partition action.  Deutsch contends (1) Certified Real Estate Appraiser Karen E. Sands lacked the necessary licensure and legal authority to independently perform appraisals of non-residential property without the statutorily required supervision of Certified General Appraiser James E. Bahnick and, therefore, committed negligence *per se*, (2) the trial court's July 31, 2017 order was not supported by competent evidence, and (3) the trial court's July 31, 2017 order was premised on an error of law.  **See** Deutsch's Brief at 6-7.  Based upon the following, we affirm.

The trial judge, the Honorable Emil Giordano, has aptly summarized the facts of this case, as follows:

> Jerome C. Deutsch, Plaintiff, purchased real property in a partnership with his colleague, Eric Bodish ("Bodish"), in

---

[1] We note the transcript of the June 12, 2017 non-jury trial reflects that counsel for Deutsch proposed "that we introduce into evidence factual matters and evidence and the appraisals by stipulation; and that we not have to go to live testimony[,]" and the trial judge agreed.  N.T., 6/12/2017, at 4. Therefore, no witnesses were presented at the trial.

[2] Appraisers' motion *in limine* was before the trial court at the time of the trial. **See** N.T., 6/12/2017, at 19 (trial judge noting he "only just got" the motion *in limine*).  However, the motion *in limine* was not entered on the docket until January 5, 2018, after this appeal had been filed.

September 2007. Pursuant to the Lehigh Township Zoning Code, the property was zoned Agricultural/Rural Residential. The property included a 158-acre parcel of land comprised of four tracts. The property further included a farmhouse in excess of 3,000 square feet, as well as other out-buildings. [Deutsch] and Bodish purchased the property for a price of $1.7 million at private auction. In exchange for a loan of $1.2 million, Jim Thorpe National Bank ("the Bank") agreed to take a mortgage from the partners. However, the loan was in reliance on an August 23, 20[07] appraisal conducted by Vincent F. Gilotti ("Gilotti"). Following the appraisal, Gilotti valued the property at $1.817 million.

Shortly into the co-ownership agreement, [Deutsch] expressed to Bodish his desire to terminate the partnership. However, Bodish was not readily in agreement. Therefore, [Deutsch] filed a partition action against Bodish in the Court of Common Pleas for Northampton County. On January 13, 2012, following some level of active litigation, the parties appeared before the Honorable Paula A. Roscioli to announce an agreement to settle the case. Subject to this settlement, the parties agreed to divide the four tracts of land and to exchange monetary compensation to be determined pursuant to an appraisal. The parties further agreed to request that the Bank, as mortgage holder, retain the services of an appraiser to provide a valuation of the properties and to indicate an appropriate "dividing line" by which a calculation of the monies owed by one partner to the other could be determined.

Subsequent to this agreement, the Bank contacted Gilotti, the original appraiser, to request appraisal services. However, Gilotti was determined to be unavailable. Resultantly, the Bank contacted Defendant Imperial ("Imperial") to request appraisal services. The Bank then entered into a contractual agreement with Imperial whereby Defendant James Bahnick ("Defendant Bahnick") assigned the appraisal task to one of his staff appraisers, Defendant Karen Sands ("Defendant Sands"). Pursuant to the contract, Sands performed the appraisal valuing the property at $1.2 million. Further, due to the manner in which Plaintiff and Bodish agreed to divide the property, the net effect of Sands' appraisal resulted in the requirement that [Deutsch] pay Bodish a sum in excess of $108,000. However, [Deutsch] disputed Sands' appraisal and reneged on the settlement, causing Bodish to file a Motion to Enforce the Settlement. Subsequently,

[Deutsch] retained the services of Raymond Geiger and William Stoerrle to appraise the property.

Upon determination that the parties would be unable to agree to terms that would resolve their dispute, a non-jury trial was held before Judge Roscioli on the partition action on December 18, 2012. Judge Roscioli explained her finding that Sands' appraisal was reasonable and appropriate by way of an Opinion and Order issued on or about December 27, 2012. Pursuant to Judge Roscioli's Order, [Deutsch] paid Bodish and the partition action came to a close.

[Deutsch] initiated the instant action by filing a complaint on May 29, 2014. On June 12, 2017, the parties appeared before this Court for a non-jury trial. Prior to trial, Defendants filed a Motion *in limine* to Preclude Evidence and Testimony Regarding the Reasonableness and Appropriateness of the Pertinent Appraisals Performed [by Karen Sands] which was granted. Subsequently, this Court found that the settlement agreement reached on June 13, 2012 before Judge Roscioli was binding and enforceable.

Trial Court Opinion, 10/18/2017, at 1-3.

The trial court's July 31, 2017, decision resolving the case stated:

AND NOW, this 31st day of July, 2017, upon consideration of Defendants' Motion *in limine* to Preclude Evidence/Testimony Regarding the Reasonableness/Appropriateness of the Pertinent Appraisals Performed [by Karen Sands], and evidence presented at a Non-Jury trial conducted on June 12, 2017, it is hereby ORDERED and DECREED that Defendant[s'] Motion *in limine* is GRANTED.

The issues presented to this Court have been previously litigated and decided by the Honorable Paula Roscioli who concluded, "The property settlement agreement reached by the parties on January 13, 2012 is binding and enforceable" and "The appraisal of the subject property made by Karen E. Sands is reasonable and appropriate". We agree with the previous ruling and will not allow the re-litigation of the same as no evidence presented would change the outcome. The parties themselves came to a settlement agreement that must be enforced.

- 4 -

Order, 7/31/2017. Deutsch filed a motion for post-trial relief, which was denied

and this appeal followed.[3, 4]

Our standard of review is well settled:

When considering a trial court's verdict in a non-jury trial, we must bear in mind the following:

Our standard of review in non-jury trials is to assess whether the findings of facts by the trial court are supported by the record and whether the trial court erred in applying the law. Upon appellate review the appellate court must consider the evidence in the light most favorable to the verdict winner and reverse the trial court only where the findings are not supported by the evidence of record or are based on an error of law. **Allegheny County Housing Authority v. Johnson**, 2006 PA Super 258, 908 A.2d 336, 340 (Pa.Super.2006). Our scope of review regarding questions of law is plenary. **Id.**

**Skiff re Bus., Inc. v. Buckingham Ridgeview, LP**, 2010 PA Super 43, 991 A.2d 956, 962 (Pa. Super. 2010).

**Century Indem. Co. v. OneBeacon Ins. Co.,** 173 A.3d 784, 802 (Pa. Super.

2017).

Deutsch, in his brief, initially addresses the second and third issues in

one argument, claiming the trial court's decision is not supported by evidence

---

[3] Deutsch timely complied with the order of the trial court to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

[4] On December 27, 2017, pursuant to this Court's *per curiam* order, Deutsch filed a praecipe to enter judgment following the denial of Deutsch's motion for post-trial relief by order dated October 18, 2017. **See Brown v. Philadelphia College of Osteopathic Medicine,** 760 A.2d 863 (Pa. Super. 2000) (appeal does not lie from order denying post-trial motions but rather upon judgment entered following disposition of post-trial motions).

of record, and the trial court committed error in the application of the relevant laws concerning the authority, statutory duties and responsibilities of Sands and Bahnick. Lastly, Deutsch addresses the first issue, arguing Sands and Bahnick violated the Real Estate Appraisers Certification Act[5] and Pennsylvania Code, and committed negligence *per se*. Because all three issues are intertwined, we address them together.

Deutsch disputes the trial court's finding and conclusion in the July 31, 2017 order that "[t]he issues presented to this Court have been previously litigated and decided by the Honorable Paula Roscioli." Order, 7/31/2017. Deutsch argues "[t]hat Bahnick and Sands committed negligence, and more specifically negligence *per se*, was established by Deutsch's discovery in the instant case long after the Partition Action was decided by Judge Roscioli." Deutsch's Brief at 26-27. Deutsch also contests the trial court's finding and conclusion that "agree[d] with the previous ruling and will not allow the re-litigation of the same as no evidence presented would change the outcome." Order, 7/31/2017. Deutsch argues the issue of whether Sands and Bahnick committed negligence *per se* was presented to the court only in the instant case. **See** Deutsch's Brief at 27. Finally, Deutsch challenges the trial court's finding and conclusion that "[t]he parties themselves came to a settlement agreement that must be enforced," Order, 7/31/2017. Deutsch argues, "On

_____

[5] 63 P.S. § 457.1 *et seq*.

the contrary, the settlement agreement was fundamentally premised on the appraisal of the properties at issue by a licensed, competent and legally authorized appraiser which was not the case." Deutsch's Brief at 28.

In addition, Deutsch complains that the trial court's order of October 18, 2017, denying his post-trial motion, contains errors of law and findings which are not supported by competent evidence. Deutsch disputes the trial court's findings and conclusions, including, *inter alia*, that Bahnick complied with the Pennsylvania Code; that Sands was qualified and appropriately licensed to appraise the property; that the property at issue was residential in character because it was zoned Agricultural/Rural Residential; and that Appraisers did not commit negligence *per se.* **See** Deutsch's Brief at 28-31.

Lastly, Deutsch argues that Sands was a certified residential appraiser and, therefore, her authority was limited to performing appraisals relating solely to the appraisal of residential property. He asserts the property appraised by Sands is not residential property. Deutsch maintains Sands exceeded her authority, as set forth in 63 P.S. § 457.6,[6] and Bahnick failed to

---

[6] A certified residential appraiser "shall consist of those persons applying for and granted certification relating solely to the appraisal of residential real property ….." 63 P.S. § 457.6(a)(1).

perform his specific, statutorily mandated supervisory responsibility, as set forth in 49 Pa. Code 36.54. [7]

We first address the trial court's July 31, 2017 order, which stated, *inter alia*, that "[t]he issues presented to this court have been previously litigated and decided by the Honorable Paula Roscioli, who concluded, 'The property settlement agreement reached by the parties on January 13, 2012 is binding

_____

[7] Pursuant to 49 Pa. Code 36.54:

> (c) A certified general real estate appraiser who utilizes a certified residential real estate appraiser as an assistant for an appraisal of nonresidential property or an appraisal of residential property of more than four dwelling units shall:
>
>> (1) Directly supervise and control the residential appraiser's work, assuming total responsibility for the contents of the appraisal report, including all value conclusions.
>>
>> (2) Accompany the residential appraiser during the physical inspection of the property until the general appraiser determines the residential appraiser is competent under USPAP to perform the physical inspection unaccompanied.
>>
>> (3) Co-sign the appraisal report as set forth in § 36.52 and specify in the appraisal report the nature of the significant real property appraisal assistance rendered by the residential appraiser.
>>
>> (4) Provide the residential appraiser, at the time of application for general appraiser certification, with copies of designated appraisal reports requested by the Board to verify the residential appraiser's experience.

49 Pa. Code § 36.54(c).

and enforceable' and 'The appraisal of the subject property made by Karen E. Sands is reasonable and appropriate'." Order, 7/31/2017.

It is well settled that collateral estoppel applies

if (1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and (5) the determination in the prior proceeding was essential to the judgment.

Collateral estoppel is also referred to as issue preclusion. It is a broader concept  than *res judicata* and operates to prevent a question of law or issue of fact which has once been litigated and fully determined in a court of competent jurisdiction from being relitigated in a subsequent suit.

***Vignola v. Vignola***, 39 A.3d 390, 393 (Pa. Super. 2012) (citations omitted).

It bears emphasis that in the earlier partition action, after Deutsch had entered a property settlement agreement in which he agreed, *inter alia*, to be bound by the determination of the Banks' appraiser, Deutsch disputed the appraisals performed by the Bank's appraiser, Sands.  In response, Deutsch's co-owner, Bodish, filed a motion to enforce the settlement agreement.  The matter ultimately proceeded to a non-jury trial before Judge Roscioli and Deutsch presented the appraisals of his experts, Raymond Geiger and William

J-A12025-18

T. Stoerrle, SRA.[8, 9]  Judge Roscioli issued an Opinion with Findings of Fact and Conclusions of Law, concluding that the parties' property settlement agreement "reached by the parties on January 13, 2012 is binding and enforceable[,]" and "[t]he appraisal of the subject property made by Karen E. Sands is reasonable and appropriate."  *See* Opinion, 12/27/2012 (***Deutsch v. Bodish***, No. C-48-CV-2011-8591), at 4 (Conclusions of Law, Nos. 1 & 3).[10] Deutsch subsequently filed the present action.  The case proceeded to a non-jury trial before Judge Giordano, and Deutsch again presented Geiger and Stoerrle's appraisals as evidence.  *See* Trial Exhibits P-5, P-14, P-15, P-16, and P-17.  Thereafter, the trial court entered its order of July 31, 2017, granting Appraisers' motion *in limine* to preclude evidence and testimony regarding the reasonableness and appropriateness of the appraisals performed by Sands, finding the issues presented had been previously litigated, and barring "re-litigation of the same as no evidence presented

---

[8] Based on Geiger's appraisal, Deutsch was owed $37,550 by Bodish and, based on Stoerrle's appraisal, Deutsch was owed $62,375 by Bodish. ***See*** Deutsch's Brief at 17.

[9] In this case, counsel for Appraisers informed the trial court "there is no transcript of the trial [before Judge Roscioli]."  N.T., 6/12/2017, at 10.

[10] ***See*** Trial Exhibit D-2, Tab 6.  We note that in her opinion, Judge Roscioli made the following finding of fact:  "In light of our findings above with respect to the enforceability of the settlement agreement, we have not evaluated or considered the additional appraisals offered by [Deutsch]."  Opinion, 12/27/2012, at 4 (Finding of Fact, No. 17).

- 10 -

would change the outcome. The parties themselves came to a settlement agreement that must be enforced." Order, 7/31/2017.

We agree with the trial court's determination as we find the collateral estoppel test set forth in **Vignola, supra**, applies here. In the partition action, Deutsch disputed the accuracy of Sands' appraisal, which is identical to the issue presented by the instant action. In the partition action, there was a final judgment. In the partition action, Deutsch was the plaintiff, as he is in the present case, and he had a full opportunity in the partition action to litigate the accuracy and quality of Sand's appraisal. He did so by presenting the appraisals of his experts, Geiger and Stoerrle, to the court. Judge Roscioli, however, concluded the parties' agreement to use an appraiser chosen by the Bank was binding and enforceable, and further concluded, as a matter of law, that Sands' appraisal was "reasonable and appropriate." As such, this determination regarding Sands' appraisal was essential to the judgment. Thereafter, Deutsch did not file any post-trial motion or appeal in the partition action. Accordingly, in light of Judge Roscioli's determination regarding the merits and quality of Sands' appraisal, we conclude that Judge Giordano properly applied collateral estoppel to bar the present action in its entirety.

Furthermore, while Deutsch claims that he did not discover that Sands was licensed as a certified residential appraiser until after the partition action had concluded, and the present action is the first time he is alleging negligence *per se*, his argument is unavailing. Because Sands' appraisal was at issue in

the partition action, her licensure, which was a matter of public record,[11] was a relevant issue. However, Deutsch did not raise this issue in the partition action, and collateral estoppel applies to this waived issue. ***See Buyfigure.com, Inc. v. Autotrader.com, Inc.***, 76 A.3d 554, 561 (Pa. Super. 2013) ("The doctrine of *res judicata*/collateral estoppel applies not only to matters decided, but also to matters that could have, or should have, been raised and decided in an earlier action."). Accordingly, no relief is due.

Finally, Deutsch disputes the trial court's October 18, 2017, denial of post-trial relief and its reasoning that Appraisers did not commit negligence *per se*. Deutsch maintains the property at issue was not residential in character. ***See*** Deutsch's Brief at 29, 34. He argues the property was undeveloped farmland used solely for farming and points to tax assessment records showing "that the parcels at issue were all designated as 'Agricultural' and each parcel was and is in the Act 319 and Act 43 farmland preservation and conservation programs."[12] ***Id.*** at 34-35. Deutsch argues:

> Based on the clear, concise and unambiguous interrogatory answers and deposition testimony of Sands and Bahnick,[13] there is no question that Sands solely performed ALL of the work associated with preparing and generated the Appraisals. Based on the clear, concise and unambiguous interrogatory answers and

---

[11] ***See*** www.pa.gov.

[12] It bears mention that Act 319 and Act 43 are included in the various tax assessment exemption and abatement programs of Northampton County: https://www.northamptoncounty.org/FISAFF/ASSESSMNT/Pages/Prograaspx

[13] ***See*** Trial Exhibits P-2, P-3, P-11, and P-12.

deposition testimony of Sands and Bahnick, there is no question that Bahnick performed NONE of the work associated with preparing the Appraisals and provided NO supervision over Sands notwithstanding his acknowledgement to the contrary on the Appraisals.

****

Sands lacked the requisite qualifications, licensure, certification and competency to appraise the Property without supervision ….

****

Bahnick did not physically inspect the Property and provided no supervision or control over Sands' work. In signing the Appraisals, Bahnick certified and agreed to accept full responsibility for the contents of the appraisal reports including, but not limited to, Sands' analysis, opinions, statements, conclusions, and certification. Discovery unequivocally established that Bahnick simply provided rubber-stamp approval of the appraisals prepared by Sands and provided no supervision to Sands thereby contradicting his own certifications.

Deutsch's Brief at 35 (capitalization in original), 36, 37-38.

The trial court, however, analyzed Deutsch's negligence *per se* claim, as

follows:

63 P.S. § 457.6(a)(1) defines certified residential appraiser's as "those persons applying for and granted certification relating solely to the appraisal of residential real property." Additionally, § 457.6(a)(2) defines certified general appraiser's as "those persons applying for and granted certification relating to the appraisal of both residential and nonresidential real property without limitation." Section 36.54 of the Pa. Code explains the duties of a supervisory general real estate appraiser in instances where a certified residential real estate appraiser is utilized as an assistant to appraise nonresidential property or residential property that contains more than four dwelling units. Pursuant to § 36.54(c)(1), a certified general real estate appraiser must "[d]irectly supervise and control the residential appraiser's work, assuming total responsibility for the contents of the appraisal report, including all

value conclusions." Section 36.54(c)(2) further provides that a general real estate appraiser shall "[a]ccompany the residential appraiser during the physical inspection of the property until the general appraiser determines the residential appraiser is competent under USPAP [Uniform Standards of Professional Appraisal Practice] to perform the physical inspection unaccompanied." Finally, under § 36.54(c)(3), a certified general appraiser must "[c]o-sign the appraisal report as set forth in § 36.52 and specify in the appraisal report the nature of the significant real property appraisal assistance rendered by the residential appraiser."

Here, the Bank retained the services of Imperial and Defendant Bahnick in order to determine an appropriate method by which to partition the property. Subsequently, Defendant Bahnick assigned the appraisal task at issue to Defendant Sands. In her capacity as a certified residential appraiser, Defendant Sands appraised and provided a valuation of the property. Defendant Sands then submitted the appraisal to Defendant Bahnick for review and approval in his capacity as a certified general appraiser. There is nothing to suggest that Defendant Bahnick failed to properly supervise, review, or approve the appraisal reports provided by Defendant Sands, including her analysis, opinions, statements, conclusions, and certification. Moreover, there is nothing to suggest Defendant Bahnick had determined that Defendant Sands was incompetent to perform the appraisal in accordance with the requirements of USPAP. This includes performing the physical inspection of the property unaccompanied. Additionally, contrary to [Deutsch's] contention, the property at issue was zoned Agricultural/Rural Residential rather than simply Agricultural. Moreover, the record indicates the property contained fewer than four dwelling units. Thus, Defendant Sands, as a certified residential appraiser, was qualified and appropriately licensed to appraise the property without the supervision of a certified general appraiser.

Trial Court Opinion, 10/18/2017, at 4-6.

We find the trial court's determinations concerning the professional conduct of Bahnick and Sands and the property's zoning classification are supported by competent evidence of record and are not premised on an error

of law. The trial court rejected Deutsch's arguments and we find no basis upon which to disagree with the trial court's analysis.

In summary, based on our review, we conclude collateral estoppel applies and bars the entirety of Deutsch's present action. Furthermore, we conclude the trial court correctly disposed of Deutsch's post trial motion claim that Appraisers were negligent *per se*. Accordingly, we affirm.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/11/18