J-S38031-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DANIEL J. STRANG | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KRISTY D. STRANG | : | |
| | : | |
| Appellant | : | No. 933 WDA 2021 |

Appeal from the Order Entered July 14, 2021
In the Court of Common Pleas of Bedford County Civil Division at No(s):
No. 1357 for the year 2014

BEFORE:   BENDER, P.J.E., DUBOW, J., and COLINS, J.[*]

JUDGMENT ORDER BY DUBOW, J.:          **FILED: APRIL 20, 2022**

Appellant Kristy D. Strang ("Wife") appeals from the July 14, 2021 order that reaffirmed the trial court's denial of Appellant's Petition to Reinstate Alimony Pendente Lite ("APL").[1]  Upon review, we affirm.

A summary of the relevant facts, as gleaned from the trial court's Pa.R.A.P. 1925(a) Opinion, follows.  On January 25, 2021, the trial court entered an Opinion and Order equitably distributing the marital assets between Wife and Appellee Daniel J. Strang and declaring the parties divorced at "Docket No. 1357 for the year 2014" ("Divorce Docket").  Wife timely appealed that Order, and the appeal is currently pending in this Court.[2]  During

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The order is dated July 13, 2021, and the trial court docketed the order on July 14, 2021.

[2] The appeal is pending at Docket No. 513 WDA 2021.

the divorce litigation, Wife initiated a claim and received spousal support through the Bedford County Domestic Relations Office at separate Docket No. 129-S-2019 ("Support Docket"). On January 28, 2021, the trial court entered an Order on the Support Docket, terminating the spousal support order without prejudice because the parties were divorced. Wife failed to file exceptions or request a *de novo* appeal to the trial court.

On June 7, 2021, over five months later, on the Divorce Docket, Wife filed a petition to reinstate APL, which the trial court denied on June 16, 2021. Wife filed a timely Motion for Reconsideration, which the trial court expressly granted and scheduled a hearing. On July 13, 2021, the trial court held a hearing on Wife's petition and subsequently reaffirmed its decision to deny Wife's request to reinstate APL with an order docketed on July 14, 2021. Wife timely appealed. Wife and the trial court complied with Pa.R.A.P. 1925.

Wife raises the following issue for our review: "Did the trial court err as a matter of law and/or abuse its discretion in denying [Wife]'s request to reinstate [APL] pending the timely appeal of the trial court's January 25, 2021, Memorandum Opinion and Order?" Wife's Br. at 4.

We review a trial court's decision to grant or deny APL for an abuse of discretion. *Carney v. Carney*, 167 A.3d 127, 134 (Pa. Super. 2017).

Pennsylvania Rule of Civil Procedure 1910.4 provides "[a] party shall commence an action for [APL] by filing a complaint in the domestic relations section[.]" Pa.R.C.P. 1910.4(b). "A divorce complaint shall not include claims for child support, spousal support, and [APL]. Instead, claims for child

- 2 -

support, spousal support, and [APL] shall be raised in the domestic relations section[.]" Pa.R.C.P. 1920.31(a)(2).

A hearing officer "shall receive evidence, hear argument and . . . file with the court a report containing a recommendation with respect to the entry of an order of support." Pa.R.C.P. 1910.12(d). "The court, without hearing the parties, shall enter an interim order consistent with the proposed order of the hearing officer." *Id.* at 1910.12(e). Following the entry of an interim order, Rule 1910.12 provides that at any party may file exceptions within twenty days and explains "matters not covered by exceptions are deemed waived[.]" *Id.* at 1910.12(f). If a party fails to request a hearing *de novo* or file exceptions, an interim support order is a final order. *Vignola v. Vignola*, 39 A.3d 390, 394 (Pa. Super. 2012). *See also* Pa.R.C.P. 1910.12(g) ("If no exceptions are filed within the twenty-day period, the interim order shall constitute a final order.").

Instantly, the trial court denied Appellant's petition to reinstate based on the "glaring procedural error" that Wife failed to file a *de novo* appeal of the order terminating APL, which had been a final order for over five months. Trial Ct. Op., filed 9/23/21, at 2 (citing N.T., 7/13/21, at 3-5). The trial court also emphasized that the Divorce Docket was separate from the Support Docket, and that it was proper for Wife to file a request for APL with the Domestic Relations Office, on the Support Docket. *Id.*

We agree with the trial court's conclusion that Wife's petition to reinstate APL was both untimely and filed on the incorrect docket. Wife failed to request

- 3 -

review of the order terminating APL by filing timely objections or a request for a trial *de novo* on the Support Docket. Rather, she filed her petition to reinstate APL on the Divorce Docket, which was the incorrect docket, and, moreover, the filing was patently untimely to correct any alleged legal error emanating from the order terminating APL. Accordingly, we find no abuse of discretion in the trial court's denial of Wife's petition to reinstate APL.[3]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/20/2022

---

[3] We decline to address the merits of Wife's APL request and note that this Court's disposition is without prejudice to Wife's filing a petition to request APL on the Support Docket, if appropriate.