J-S23005-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BRIAN E. REIFSNYDER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MONICA E. DUNLAP | |
| Appellee | No. 66 MDA 2022 |

Appeal from the Order Entered December 20, 2021
In the Court of Common Pleas of Perry County
Domestic Relations at No: DR 17-00055

BEFORE: STABILE, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:                **FILED NOVEMBER 30, 2022**

Appellant, Brian E. Reifsnyder ("Husband"), appeals *pro se*[1] from an order dated December 20, 2021 that (1) declared an alimony order dated April 7, 2021 retroactive to the months of February, March, and April 2021; and (2) denied Husband's petition for assessment and payment of arrearages for the months of February through April of 2021. We affirm.

Appellee, Monica Dunlap ("Wife"), and Husband married on June 27, 1998. Their first child, A.R., was born in May 2005, and their second child, E.R., was born in October 2010. On June 28, 2016, Husband filed a

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Husband represented himself *pro se* throughout all proceedings in the court of common pleas.

complaint in divorce and custody against Wife at FC-2016-146 ("the divorce action").

On November 30, 2017, the court in the divorce action ordered Husband to pay $220.64 in monthly support/alimony pendente lite ("APL") plus $50.00 per month in arrears.

On October 5, 2018, after a hearing, the divorce master filed a report and recommendations. Both Husband and Wife filed exceptions and subsequently presented oral argument to the trial court. On July 3, 2019, the trial court issued an order that, in relevant part, distributed sixty percent of the marital property to Wife, distributed forty percent of the marital property to Husband, and ordered Husband to pay Wife $928.00 per month in alimony for a period of ten years. On March 24, 2020, the court entered a divorce decree. Between March 24, 2020 and January 28, 2021, Husband made monthly payments to Wife of $220.64 in APL plus $50.00 in arrears for a total of $2,751.48.

Husband appealed to this Court from the March 24, 2020 divorce decree. On December 9, 2020, this Court vacated the equitable distribution order and remanded for further proceedings due to the court's failure to consider the effect of the Federal Tax Jobs and Cuts Act, P.L. 115-97, an act passed at the end of 2017.

On remand, on January 28, 2021, following a hearing, the court entered an order in the divorce action directing Husband to pay alimony of

$881.44 to Wife for ten years, commencing on March 24, 2020, the date of the divorce decree.

On February 4, 2021, Husband filed a complaint against Wife seeking child support at DR 17-00055 ("the support action").

On February 5, 2021, the court suspended Husband's APL payments effective March 24, 2020 and credited Husband's APL/arrears payments of $2,751.48 after March 24, 2020 to the alimony ordered on January 28, 2021.

Husband filed a petition in the divorce action to modify or terminate alimony. On March 18, 2021, the court convened a hearing on Husband's petition. On April 7, 2021, the court entered an order in the divorce action denying Husband's petition to modify. The court further ordered that Wife owed monthly child support of $574.00 and Husband owed monthly alimony of $881.44. The court held that these sums offset with Husband owing the net amount of $307.44, "in full satisfaction of both obligations." Order, 4/7/21. In an accompanying memorandum, the court rejected Husband's argument that his alimony payments should be reduced because his earnings have decreased. The court reasoned that Husband voluntarily abandoned a job with the Commonwealth paying $70,000.00 per year for self-employment. Relinquishment of his job for the independence of self-employment, the court continued, did not entitle Husband to reduce his alimony payments. Memorandum, 4/7/21, at 2 ("even if Husband's earnings have decreased, his earning capacity has not").

Beginning in March 2021, the Domestic Relations Section garnished Mother's wages due to her failure to pay child support and disbursed two payments to Husband totaling $508.37.

Following the April 7, 2021 order, the parties litigated the amount of Wife's arrears in child support payments in the support action. On April 14, 2021, the court in the support action entered an order that Wife owed $650.63 in arrears on child support payments. On June 9, 2021, the court held a conference to determine Wife's arrears in view of the April 7, 2021 order concerning the alimony offset. On June 10, 2021, the court entered an order in the support action that Husband owes more to Wife in alimony than child support paid by Wife between February 4, 2021 and April 7, 2021. The order set Wife's child support arrears at zero.

Husband filed a request for *de novo* review, and the issue of Wife's child support arrears was presented before the trial court at a hearing on November 3, 2021. During the hearing, and again in his appellate brief, Husband admitted that he failed to pay $307.44 to Wife in March 2021, the offset between his alimony obligation and Wife's support obligation.

On December 20, 2021, the court entered an order in the support action making the April 7, 2021 order in the divorce action retroactive to the months of February, March, and April 2021. The court also denied Husband's petition for arrearages against Wife.

On January 4, 2021, Husband filed a notice of appeal to this Court in the support action. Both Husband and the trial court complied with Pa.R.A.P. 1925.

Husband raises the following issues in this appeal:

1. Did the Court err by ruling that the Order of April 7, 2021, is to be retroactive?

2. Did the Court err by not considering Collateral Estoppel and Res Judicata as [Wife]'s attorney stated at a hearing on March 18, 2021, that he did not believe [Husband] owed money to [Wife]?

3. Did the Court err in concluding that [Husband] owes [Wife] more money in alimony than [Wife] owes [Husband] as [Husband]'s credit described within the Order of February 5, 2021, is greater than alimony owed by [Husband]?

4. Did the Court err in concluding that [Husband] owes [Wife] more money in alimony than [Wife] owes [Husband] as the amount [Husband] owes [Wife] in alimony is less than the amount of [Wife]'s arrears in child support as per the Order of April 14, 2021?

5. Did the Court err in concluding that [Husband] owes [Wife] more money in alimony than [Wife] owes [Husband] in child support in that [Wife]'s exhibit shows [Husband]'s credit from the Order of February 5, 2021?

Husband's Brief at 3-4.

Husband first argues that the court erred by directing in its December 20, 2021 support order that the April 7, 2021 divorce order was retroactive

to the months of February, March and April 2021. We hold that this support order was a proper exercise of the court's discretion.[2]

Several facts will place the December 20, 2021 support order in context. The January 28, 2021 divorce order provided that Husband owed $881.44 per month in alimony. Consistent with this order, the April 7, 2021 divorce order provided that Husband owed Wife $881.44 in monthly alimony. The April 7, 2021 order further directed that Wife owed Husband $574.00 in monthly child support. The two amounts offset and made Husband responsible for a net monthly payment of $307.44 to Wife.

The December 20, 2021 support order declared the April 7, 2021 divorce order retroactive to February 2021, thus applying the offset in the April 7, 2021 order (Husband's alimony obligation of $881.54 minus Wife's support obligation of $574.00) to the months of February, March, and April 2021. The court properly determined that each component of this formula applies retroactively. The first component of the formula, Husband's monthly alimony obligation of $881.54, is retroactive to March 2020 under

_____

[2] We apply an abuse of discretion standard to child support orders. **J.P.D. v. W.E.D.**, 114 A.3d 887, 889 (Pa. Super. 2015). Abuse of discretion is "not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record." **R.K.J. v. S.P.K.**, 77 A.3d 33, 37 (Pa. Super. 2013). We will reverse a trial court's child support determination only "where the order cannot be sustained on any valid ground." **Id.**

the divorce court's January 28, 2021 divorce order.[3]  The second component, Wife's support obligation of $574.00, is retroactive to February 2021, the date Husband filed his support complaint.  *See* Pa.R.Civ.P. 1910.17(a) ("An order of support shall be effective from the date of the filing of the complaint or petition for modification unless the order specifies otherwise").  Accordingly, Husband's first argument is devoid of merit.

In his second argument, Husband contends that Wife's attorney admitted during the March 18, 2021 hearing in the divorce action that Husband did not owe any arrears.  This statement, Husband claims, constitutes a "judgment and ruling" that Husband did not owe any arrears for February or March 2021.  As a result, res judicata and collateral estoppel barred the court in the support action from applying the April 7, 2021 divorce order retroactively to February through April of 2021, because the determination that Husband owes alimony in these months conflicts with Wife's attorney's admission that Husband does not owe arrears.  Appellant's Brief at 11-13.  We disagree.

Res judicata "holds that a final judgment on the merits by a court of competent jurisdiction will bar any future action on the same cause of action between the parties and their privies."  ***Khalil v. Travelers Indemnity***

_____

[3] As discussed below, the January 28, 2021 order in the divorce action was binding on the court in the support action under the doctrine of collateral estoppel.

***Company of America***, 273 A.3d 1211, 1223 (Pa. Super. 2022). Res judicata "prohibits parties involved in prior, concluded litigation from subsequently asserting claims in a later action that were raised, or could have been raised, in the previous adjudication." ***Id.*** Collateral estoppel "operates to prevent a question of law or issue of fact which has once been litigated and fully determined in a court of competent jurisdiction from being re[-]litigated in a subsequent suit." ***Vignola v. Vignola***, 39 A.3d 390, 393 (Pa. Super. 2012).

These principles make clear that statements by an attorney during a divorce hearing, such as Wife's attorney's statement that Husband did not owe arrears, do not have res judicata or collateral estoppel effect in a subsequent support action. While *judgments* have res judicata effect in a subsequent case, ***Khalil***, a mere statement by an attorney during a hearing, such as Wife's counsel's statement on March 18, 2021, is not a "judgment." Husband's characterization of Wife's counsel's statement as a "judgment" is simply wrong. Similarly, while issues of law or fact that the court conclusively decides have collateral estoppel effect in a subsequent case, ***Vignola***, a mere statement by an attorney, such as Wife's counsel's statement herein, does not constitute a decision by the court on any issue.[4]

_____

[4] To illustrate the proper application of collateral estoppel principles, several rulings in the divorce action have collateral estoppel effect in the support action: (1) the decision on January 28, 2021 that Husband owes monthly

*(Footnote Continued Next Page)*

- 8 -

Thus, Husband's claim that Wife's counsel's statement carries collateral estoppel effect is incorrect.[5]

In his third and fifth arguments, which we review together, Husband claims that the APL payments he made between March 2020 through January 2021 totaling $2,275.48 nullify his obligation to make monthly payments of $307.44 to Wife from February 2021 onward. In support of this claim, Husband raises the same res judicata/collateral estoppel theory that he asserted in his second argument above, *i.e.*, since Wife's counsel admitted on March 18, 2021 that Husband did not have any arrears, res judicata and collateral estoppel required the court to apply the $2,751.48 to his alimony obligations from February 2021 onward. We disagree.

To begin with, as discussed above, Wife's counsel's statement on March 18, 2021 does not have res judicata or collateral estoppel effect. In addition, the record refutes Husband's argument. In November 2017, the divorce court ordered Husband to make monthly payments of $220.64 in

_(Footnote Continued)_ ———————————

alimony of $881.44, (2) the decision on April 7, 2021 that Wife owes monthly support of $574.00, and (3) the net effect of these decisions requires Husband to make monthly payments of $307.44 to Wife.

[5] We also observe in dicta that Husband appears to have misinterpreted Wife's counsel's statement that Husband did not owe arrears. While the record on this subject is not entirely clear, it appears that Wife's counsel meant that Husband satisfied his APL obligations between March 2020 and January 2021. We do not think Wife's counsel intended to suggest that Husband did not owe alimony for the months of February through April of 2021.

APL plus $50.00 in arrears. Between March 24, 2020, the date of the divorce decree, and January 28, 2021, Husband made monthly payments to Wife of $220.64 in APL plus $50.00 in arrears for a total of $2,751.48. On January 28, 2021, the divorce court ordered Husband to pay monthly alimony of $881.44 from March 24, 2020. These facts demonstrate that Husband's APL payments of $2,751.48 between March 2020 and January 2021 operate as a credit against his alimony of $881.44 per month that accrued **during the same time period**, March 2020 through January 2021. The APL payments of $2,751.48 do not apply to alimony accruing from February 2021 onward.

Finally, in his fourth argument, Husband contends that the court erred by denying his petition for arrearages against Wife. We disagree. The divorce court's April 14, 2021 order stated that Wife owes $650.63 in arrearages on child support. However, as Husband admits in his brief, he failed to pay the offset amount of $307.44 in March 2021. In addition, beginning in March 2021, the Domestic Relations section of the court garnished $507.44 of Wife's wages and paid this sum to Husband. These two sums, $307.44 and $507.44, exceed the amount of Wife's arrearages. Thus, the court properly denied Husband's petition for arrearages.

For these reasons, we affirm the court's December 20, 2021 order making the April 7, 2021 order retroactive to February 2021 and denying Husband's petition for arrearages.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/2022