J-A06005-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: D.S. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 917 MDA 2018 |

Appeal from the Order Entered May 3, 2018
In the Court of Common Pleas of Berks County
Civil Division at No(s): 192-15-MH

BEFORE: OTT, J., NICHOLS, J., and PELLEGRINI*, J.

MEMORANDUM BY OTT, J.: **FILED FEBRUARY 26, 2019**

D.S. appeals *pro se* from the order entered May 3, 2018, in the Court of Common Pleas of Berks County, that denied his petition seeking restoration of firearm rights pursuant to 18 Pa.C.S. § 6105(f)(1) and expungement of mental health records pursuant to 18 Pa.C.S. § 6111.1(g)(2). D.S. claims the trial court "erred in the initial hearing and further hearings by denying the relief sought without reasonable evidence to support the initial commitment [pursuant to the Mental Health Procedures Act ("MHPA"), 50 P.S. § 7302], or validate the time spent in the facility." D.S.'s Brief at 4. Based upon the following, we affirm.

The trial court summarized the procedural history of this case as follows:

On October 17, 2017, this Court conducted a hearing upon [D.S.'s] *Petition to Remove Firearm Disability Pursuant to 18 Pa.C.S.A 6105 et seq*. After hearing held, this Court issued its Order of October 19, 2017 denying the Petition. On March 8,

_____

* Retired Senior Judge assigned to the Superior Court.

> 2018, [D.S.] filed his *Petition for Restoration of Firearm Rights Pursuant to 18 Pa.C.S.A. Section 6105(f)(1) and Petition for Review By Court Pursuant to 18 Pa.C.S.A Section 6111.1(g)(2)*, which are the subject of the instant appeal.
>
> \*\*\*\*
>
> … On May 27, 2015 [D.S] had filed a *Petition for Restoration of Firearm Rights Pursuant to 18 Pa.C.S.A. § 6105(f)(1) and Petition for Review by Court Pursuant to 18 Pa.C.S.A. § 6111.1(g)(2)*. [D.S.] sought expungement of his 302 Commitment pursuant to 18 [Pa.C.S.A.] § 6111.1(g)(2). On September 8, 2015, the Honorable Madelyn S. Fudeman convened a hearing whereby [D.S.] fully and fairly litigated the issue of whether his 302 Commitment was appropriate. By order of September 8, 2015[,] Judge Fudeman denied [D.S.'s] request for expungement of his 302 Commitment pursuant to 18 Pa.C.S.A. § 6111.1(g)(2). [D.S.] did not appeal that 2015 decision[.]

Trial Court Opinion, 12/21/2018, at 2-3 (emphasis added). On May 3, 2018, the trial court denied D.S.'s petition seeking restoration of firearms rights and expungement of mental health records, and this *pro se* appeal followed.

Initially, it is important to note that D.S. did not comply with the trial court's Pa.R.A.P. 1925(b) order, entered June 5, 2018, to file and serve upon the court a statement of errors complained of on appeal no later than 21 days after the date of the order.[1, 2] Consequently, on July 12, 2018, the trial court

---

[1] While the Rule 1925(b) order is dated June 1, 2018, hand-written notations on the order, which is included in the certified record, reflect that copies of the order were mailed to the parties on June 5, 2018. Therefore, the entry date of the Rule 1925(b) order is June 5, 2018. *See* Pa.R.A.P. 108; ***Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 226 (Pa. Super. 2014).

[2] The June 5, 2018 order complied with the content requirements set out in Pa.R.A.P. 1925(b)(3). ***See Greater Erie Indus. Dev. Corp.***, 88 A.3d at 225-226.

issued a Statement in Lieu of Opinion, requesting that D.S.'s appeal be denied as no issues were preserved for appellate review, and citing **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) ("Any issues not raised in a 1925(b) statement will be deemed waived."). The certified record was received in this Court on July 16, 2018. Three days later, on July 19, 2018, D.S. filed his concise statement in the trial court. There is no indication on the copy of the concise statement that it was served upon the trial judge or opposing counsel as required by Pa.R.A.P. 1925(b).

On September 11, 2018, Appellee, Pennsylvania State Police (PSP), respondent below, filed a motion to quash this appeal, arguing that due to D.S.'s failure to file a timely concise statement, no appellate issues were preserved for review. In his response to PSP's motion to quash, filed September 26, 2018, D.S. states that he did not receive the trial court's June 5, 2018 order directing him to file a concise statement until on or about July 18, 2018, and he filed his concise statement the following day.

If directed by the trial court, an appellant must file a concise statement in order to preserve issues for appeal. Failure to timely file of record and serve on the trial judge the requisite concise statement will result in waiver of issues on appeal. Pa.R.A.P. 1925(b)(4)(vii); **Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 223 (Pa. Super. 2014), *citing* **Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005). Our Supreme Court has adopted a bright-line rule recognizing that "'failure to comply with

- 3 -

the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised.'" ***Greater Erie Indus. Dev. Corp.***, 88 A.3d at 224, *citing **Commonwealth v. Schofield***, 888 A.2d 771, 774 (Pa. 2005)). However, an appellant may seek relief in the form of a concise statement *nunc pro tunc*. ***See*** Pa.R.A.P. 1925(b)(2) ("Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed. … In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc*."); Pa.R.A.P. 1925(c)(2) ("Upon application of the appellant and for good cause shown, an appellate court may remand in a civil case for the filing nunc pro tunc of a Statement …."). Here, D.S. has not sought relief in the trial court or this Court to file a concise statement *nunc pro tunc*.

On November 8, 2018, this Court granted PSP's motion to quash. ***See*** Order, 11/8/2018. However, on November 19, 2018, this Court vacated its order of November 8, 2018, and reinstated the appeal *sua sponte*. This matter is now before us for review.

Initially, we point out that when an appellant has failed to preserve issues for appeal, the appropriate disposition is not to quash the appeal, but rather to affirm the underlying order. ***See generally***, ***In the Interest of K.L.S.***, 934 A.2d 1244, 1246 n.3 (Pa. 2007). "An appeal is 'quashed' when the court lacks jurisdiction over the appeal in the first instance." ***Id.*** Here,

- 4 -

D.S.'s appeal is properly before this Court but, because D.S. failed to comply with the trial court's Rule 1925(b) order, we conclude any issues he wishes to raise in this appeal must be deemed waived. **See** 1925(b)(4)(vii). However, even if we were to address D.S.'s claim, no relief would be due.

"Our well-settled standard of review in cases involving a motion for expunction is whether the trial court abused its discretion." **Commonwealth v. Smerconish**, 112 A.3d 1260, 1263 (Pa. Super. 2015), *quoting* **In re Keyes**, 83 A.3d 1016, 1022 (Pa. Super. 2013). However, questions of evidentiary sufficiency "present pure questions of law, over which our standard of review is *de novo* and our scope of review is plenary." **In re Vencil**, 152 A.3d 235, 241 (Pa. 2017), *cert. denied*, 137 S. Ct. 2298 (2017).

Pennsylvania law prohibits a person who has been involuntarily committed pursuant to Section 302 of the MHPA "from possessing, using, controlling, selling, transferring, manufacturing or obtaining a license to possess a firearm." 18 Pa.C.S. § 6105(c)(4). Pursuant Section 6111.1(g)(2) of the Uniform Firearms Act:

> A person who is involuntarily committed pursuant to section 302 of the Mental Health Procedures Act may petition the court to review the sufficiency of the evidence upon which the commitment was based. If the court determines that the evidence upon which the involuntary commitment was based was insufficient, the court shall order that the record of the commitment submitted to the Pennsylvania State Police be expunged.

18 Pa.C.S. § 6111.1(g)(2). Furthermore, "even if the record of [a petitioner's] 302 commitment is not expunged, section 6105(f)(1) of the

- 5 -

Uniform Firearms Act provides another mechanism for [a petitioner] to obtain reinstatement of [] firearms rights, requiring only that the trial court find that [the petitioner] can possess a firearm without risk of harm to [himself or] herself or another." **Vencil, supra**, 152 A.3d at 246 n.10. Under Section 6105(f)(1), the court of common pleas "may grant such relief as it deems appropriate if the court determines that the applicant may possess a firearm without risk to the applicant or any other person." 18 Pa.C.S. § 6105(f)(1).

> Here, the trial court concluded:

> ...after review of the pleadings, review of the prior reports submitted by Dr. Eimer and submitted by the petitioner, and having been aware of no further evidence to support relief to be granted under [S]ection 6105(f)(1), and also considering the application under Section 6111 challenging the propriety and evidence to support the commitment of petitioner under Section 302, the Court finds that that issue had been previously fully and fairly litigated and decided at a previous proceeding by Judge Fudeman and that request is also denied.

Order, 5/3/2018. In its opinion, the trial court explained that, on October 19, 2017, following a hearing on October 17, 2017, it had denied a request by D.S. for restoration of firearm rights, which D.S. had not appealed, and, at the hearing held on D.S.'s petition on April 26, 2018, D.S. had presented no evidence, and "gave the court no grounds upon which to grant his Petition." Trial Court Opinion, 12/21/2018, at 3; **see also id.** at 2, *citing* N.T.,

4/26/2018, at 10.[3]    The trial court further explained that D.S. had sought expungement of his 302 commitment pursuant to 18 Pa.C.S. § 6111.1(g)(2) in 2015, which was denied and not appealed, and he was "therefore collaterally estopped from challenging the sufficiency of any aspect of his 302 commitment at this time or in the future."  Trial Court Opinion, 4/26/2018, at 3.

In his *pro se* brief, D.S. argues the trial court "erred when it denied the relief sought where the evidence supporting the validity of the initial committed [sic] was not substantial nor was the evidence supporting the necessity for the continuance of the restriction substantial either."  D.S.'s Brief at 7.

D.S. draws attention to two separate psychological evaluations performed upon him by Bruce Eimer, Ph.D., ABPP, dated January 14, 2015, and April 18, 2017, to support his position the trial court erred in denying his petition.[4]    D.S. also "make[s] note of the case of **Commonwealth v. Smerconish**, 112 A.3d 1260 (Pa. Super. 2015)," but provides no further discussion regarding this case.  Finally, D.S. states that his request for the

---

[3] The transcript of the April 26, 2018, hearing is not included in the certified record.  The certified record reflects that a transcript of the April 26, 2018, was requested by the trial judge "for court use only."  Request for Transcript, 11/28/2018.

[4] These evaluations are attached to D.S.'s March 8, 2018 petition.

stenographer's transcript regarding the testimony of Rita J. Belletti, "who is the authorizer of the initial 302," was denied by the trial court, and in its place he submits the trial court's denial order.[5]  ***See*** D.S.'s Brief at 7-9 and Exhibits. PSP responds that D.S.'s petition is barred by collateral estoppel.  D.S. does not address the doctrine of collateral estoppel, either in his appellate brief or in his reply brief.

> The doctrine of collateral estoppel applies
>
> > if (1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and (5) the determination in the prior proceeding was essential to the judgment.
>
> Collateral estoppel is also referred to as issue preclusion. It is a broader concept than *res judicata* and operates to prevent a question of law or issue of fact which has once been litigated and fully determined in a court of competent jurisdiction from being relitigated in a subsequent suit.

***Vignola v. Vignola***, 39 A.3d 390, 393 (Pa. Super. 2012) (citations omitted).

Mindful of this legal principle, we turn to examine the record in this case.

On May 27, 2015, D.S. filed a counseled "petition for restoration of firearm rights pursuant to 18 Pa.C.S.A. Section 6105(f(1) and petition for

---

[5] D.S.'s Brief at 9.  Rita J. Belletti is D.S.'s mother.  While D.S. made a transcript request for the prior hearing that took place on October 17, 2017, he only requested the testimony of Rita J. Belletti, and, as he correctly states, the request was denied.

review by Court pursuant to 18 Pa.C.S.A. Section 6111.1(g)(2)." D.S. attached to the petition a copy of the psychological evaluation of Dr. Eimer, dated January 14, 2015. A hearing was held on September 8, 2015, before the Honorable Madelyn Fudeman. D.S. testified and Dr. Eimer's January 14, 2015 psychological evaluation, CV, and D.S.'s medical records were admitted into evidence.[6] By order entered on September 9, 2015, Judge Fudeman denied relief under Sections 6105(f)(1) and 6111.1(g)(2). No appeal was filed.

Thereafter, on July 19, 2017, D.S. filed a counseled "petition to remove firearm disability pursuant to 18 Pa.C.S.A. 6105 *et seq*." D.S. attached a copy of Dr. Eimer's CV, the January 14, 2015, psychological evaluation, and a second psychological evaluation by Dr. Eimer, dated April 18, 2017. Following a hearing on October 17, 2017, the trial judge, the Honorable James M. Lillis, denied the petition on October 19, 2017.[7] No appeal was filed.

On March 8, 2018, D.S. filed a *pro se* "petition for restoration of firearm rights pursuant to 18 Pa.C.S.A. Section 6105(f)(1) and petition for review by court pursuant to 18 Pa.C.S.A. Section 6111.1(g)(2)." To this petition, D.S.

---

[6] A copy of the September 8, 2015 hearing is included in the certified record.

[7] The transcript of the October 17, 2017 hearing is not included in the certified record. As mentioned above, D.S.'s request for the October 17, 2017, testimony of Rita J. Belletti was denied by the trial court. **See** Order, 5/14/2018.

attached copies of Dr. Eimer's CV, and the January 14, 2015, and April 18, 2017 psychological evaluations. Judge Lillis convened a hearing on April 26, 2018, and entered the order at issue in this appeal.

As we have already noted, there are no transcript in the certified record for the April 26, 2017, hearing. **See** Footnote 3, **supra**. "It is the appellant's duty to request and insure transcripts of the hearings are prepared and transmitted to this Court. **See** Pa.R.A.P. 1911(a)." **In re Estate of Miller**, 18 A.3d 1163, 1171 (Pa. Super. 2011). "Documents not included in the record technically do not exist." **id.**; Pa.R.A.P. 1911(d) ("If the appellant fails to take the action required by these rules and the Pennsylvania Rules of Judicial Administration for the preparation of the transcript, the appellate court may take such action as it deems appropriate, which may include dismissal of the appeal.").

Given the absence of the transcript for the April 26, 2018, hearing on the underlying petition, we find D.S.'s claim on appeal is subject to waiver and dismissal, pursuant to Rule 1911(d). Moreover, we agree with the trial court's application of the doctrine of collateral estoppel. Accordingly, we conclude that, even if D.S. had filed a timely concise statement, the arguments presented in this appeal would warrant no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>02/26/2019</u>